Tuttle
v.
Cook.

TUTTLE *vs.* COOK and others.

The mere fact of a *deputy sheriff* being directed by his principal *to levy upon specific property*, on an execution being placed in his hands, does not constitute him the servant or *special agent* of the sheriff for that particular service ; he will be deemed to act in his *official character*, and not as a mere servant or agent, and if the sheriff is subjected to damages in consequence of his acts in respect to such execution, he and his sureties are liable to indemnify the sheriff, notwithstanding such instructions.

To exonerate a *deputy* from responsibility under such circumstances, the directions must be so definite and specific as to debar him from the exercise of all discretion in the matter.

THIS was an action of *debt*, tried at the Greene circuit in October, 1833, before the Hon. CHARLES H. RUGGLES, one of the circuit judges.

The plaintiff was *sheriff* of the county of Greene, and *Cook* was one of his *deputies*. The bond on which the action was brought was given to indemnify and save the plaintiff harmless against all *damages*, &c., to which he might be subjected by the *acts* or *omissions* of duty of Cook, as a deputy. The declaration stated that Cook, by virtue of an execution against one *Hatch*, levied upon a *sloop*, which was *replevied* by one *Hall*, who recovered a judgment against Tuttle, the sheriff, for $94,65 costs, which Tuttle was obliged to pay ; by means whereof an action had accrued to the plaintiff, to demand and have that sum of the defendants. The defence set up on the trial was, that Cook, in the *levy* made by him upon the sloop, acted as the *servant* or *special agent* of *Hall*, the under sheriff of the county, who had the principal charge of the business of the sheriff; and in support of the defence it was alleged, that the execution, by virtue of which the levy was made, was sent by Hall to Cook, in a letter, with directions to levy upon the sloop in question. It was proved that the letter was lost, but a witness testified that he had seen it, and that *it directed Cook to levy upon the sloop Eliza*, (the sloop in question ;) but the witness added, *that he did not remember what further the letter stated*. The judge charged the jury that Cook had a

right to consider the directions contained in the letter in which
he received the execution against Hatch, as given by the au-
thority of the plaintiff, and that *such directions were a protec-
tion to him against the action* upon the issue between the par-
ties. The jury found a verdict for the defendants. The plain-
tiff moved for a new trial.

NEW-YORK,
May, 1836.

Tuttle
v.
Cook.

*I. L. Wendell,* for plaintiff.

*M. T. Reynolds,* for the defendants.

*By the Court,* NELSON, J. The proposition of law is a fa-
miliar one, that the bail of a deputy sheriff being considered in
the light of *sureties,* are only responsible for his official acts, as
a general deputy ; and further, that he is not accountable to
his principal in that character, when acting under his *special
direction and authority,* in a given case. The ground of irre-
sponsibility in the former instance turns upon the contract of
the bail ; in the latter, upon the necessary exclusion of all dis-
cretion on the part of the deputy in the performance of the par-
ticular act. It would be unreasonable to hold him accounta-
ble to the sheriff for the consequences of an act explicitly di-
rected by the sheriff. It should, however, very clearly appear,
whenever such defence is interposed, that in giving the direc-
tions, the sheriff or his general agent intended to debar the de-
fendant from the exercise of that judgment and discretion in
the matter which belonged to him, as a general deputy,
and that he so understood it. If the communication was
mere information or advice, the better to enable him to dis-
charge his duty, this would not alter the relation to his princi-
pal. Notwithstanding such information and advice, he would
be expected to act upon his own responsibility, after ascertain-
ing the true facts in respect to the title of property to be
levied upon, and levy or not, or take an indemnity, as his
judgment would dictate.

Now, I am not satisfied, from a review of the evidence in
this case, that the letter enclosing the execution by *Hall* was
intended to convey, or did in fact convey instructions to levy
upon the sloop, *at all events ;* or that the defendant was justfi-

ed in so understanding it. I am also of opinion the question, under the circumstances, was not one of law, but of fact, and should have been submitted to the jury. The letter was not produced, and the witness who testified to its contents did not pretend to remember its whole purport. He says, "the letter directed Cook to levy on the sloop Eliza; and he does not now remember what further the letter stated." How could the witness swear that the instructions were peremptory, unless he remembered the whole of the contents? But recollecting that the defendant Cook was a general deputy, whose business it was to serve executions, is it an inference of law, from the expressions testified to by the witness, that it was intended to divest him of his general character and the discretion and responsibility belonging to it, and substitute that of a special deputy for the particular service? Especially, is such an inference warranted, upon a mere detached part of the letter, and which it does not appear was given in the words of it? Undoubtedly instructions may be so full and explicit as to leave no question about the effect of them, and to change the character of the officer, as matter of law; but in this case they are attempted to be drawn from loose and insulated expressions, which may or may not have been so intended.

From the relations the sheriff holds to his deputies, and the frequent communications between them, in respect to official business; and particularly his obligation to communicate to them all the information he may possess, to aid in the execution of their duties, it would be unreasonable and unjust to construe any thing short of very particular and positive instructions in a given case, as changing the character and responsibility of the deputies. There is nothing severe in this rule because it is always an easy matter for them to act upon their own judgment, unless thus explicitly directed otherwise.

New trial granted.