Pond *v.* Leman.

---

### POND vs. LEMAN.

A sheriff is liable for all the acts of his deputy, official in their character, in
    executing process, whether he knew the deputy had the process or not.
The levy of an execution, for the purpose of collecting it, by a deputy, is an
    official, and not a personal, act. And for all such acts the sheriff is liable for
    the act of his deputy, though it turns out that the act is not justified by the
    process.
A sheriff is liable for the acts of his deputy in levying upon the goods of per-
    sons not parties to the execution, although it does not appear that he in fact
    directed, or ratified, the act of the deputy in so levying.

THIS was an action for the wrongful taking and detention
of a horse, in which the plaintiff claimed property and
the right to the possession. The answer justified the taking

and detention of the horse by him, as sheriff, by virtue of executions issued against the property of Anthony and Theodore D. Yorks ; the answer alleging that the horse belonged to said Theodore D. Yorks.   On the trial, the plaintiff showed that the defendant was sheriff of the county of Livingston at the various times in the complaint stated.   That one Adolphus Nash was his deputy at these same times.   That on the 11th day of August, 1864, there was delivered to said deputy sheriff as aforesaid, three several executions against property, in the usual form of executions for the enforcement of judgments in civil actions, all of which were in the Supreme Court, directed to said sheriff, and required him to make the same out of the property of Anthony Yorks, or Anthony and Theodore D. Yorks, being the same executions referred to in the answer.   That said Adolphus Nash, at the time of the receipt of said executions, indorsed them severally as follows :

"Received Aug. 11, 1864, at 8 o'clock, P. M.   W. B. Leman, sheriff, by A. Nash, deputy."

The plaintiff called said Nash as a witness, who testified that he proceeded with said executions to the residence of said Anthony Yorks, in the village of Lima, on whose premises the property in the complaint specified then was, and there levied upon the same under said executions, but did not remove the property.   That at the time of said levy, he was informed that it was the property of the plaintiff.   The same witness testified, on cross-examination, that he never had the horse in his actual possession further than to have him in his eye, at the time of the levy ; that he left him in the possession of Anthony Yorks, at his request ; that the sheriff was not present at the levy, and never had the horse in his possession ; and that the witness never received any instructions from the sheriff, about the horse.   The plaintiff gave evidence tending to show that he was at the time of the levy in question the owner of said property.   The same exceeded $50 in value.   The property had been returned to

the plaintiff, by virtue of the proceedings herein.    The defendant moved for a nonsuit, upon the grounds,

1st. That the property was not actually or constructively in the defendant's possession.

2d. That there was no proof that the defendant intermeddled with the property.

His Honor, the Judge, held that the defendant was not liable for the acts of his deputy, in levying upon the property of the plaintiff by virtue of executions against other parties, it not appearing that he had in fact directed or ratified the act of the deputy in so levying ; and upon that ground granted the motion, and nonsuited the plaintiff. The plaintiff excepted to such decision.    The court ordered a stay of proceedings for sixty days, in order that the plaintiff might prepare a case or bill of exceptions, and directed that the same should be heard in the first instance at the general term of this court, judgment in the mean time to be suspended.

*Geo. F. Danforth,* for the plaintiff.

*Wood & Nash,* for the defendant.

*By the Court,* JOHNSON, J.    The plaintiff was nonsuited at the trial upon the ground that the defendant, as sheriff, was not liable for the acts of his deputy in levying upon the goods of persons not parties to the execution, it not appearing that he had in fact directed or ratified the act of the deputy in so levying.

It has been long well settled that the sheriff is liable *civiliter* for all the acts of his deputies done in the usual course of their business of deputies, prescribed by law.    The deputies are all servants of the sheriff, and in law they are considered but one officer. (*Allen on Sheriffs,* 81, 86.)

That the sheriff is liable in an action of trespass *vi et armis* for the act of his deputy in taking the goods of one person to satisfy the debt of another, upon execution, has

been uniformly held to be law, at least ever since the case of *Ackworth* v. *Kempe*, (*Doug.* 40,) where the precise point was expressly adjudged. (*Grinnell* v. *Phillips*, 1 *Mass. Rep.* 530. *Campbell* v. *Phelps*, 17 *id.* 244. *Tuttle* v. *Cook*, 15 *Wend.* 274. *Walden* v. *Davison, Id.* 575. *Curtis* v. *Fay*, 37 *Barb.* 64. *McIntyre* v. *Trumbull*, 7 *John.* 35.) In the last case the court went so far as to hold the sheriff liable for the act of the deputy in taking more fees on levying an execution than are allowed by law ; and this whether the sheriff recognized the act of the deputy or not. (*See also The People* v. *Schuyler*, 4 *Comst.* 173.) The levy of an execution for the purpose of collecting it, by a deputy, is an official, and not a mere personal, act. And for all such acts the sheriff is liable for the act of the deputy, though it turns out that the act is not justified by the process.

There are a class of cases, where the plaintiff in the execution has given the deputy some special directions out of the ordinary line of his duty as deputy, which the deputy has followed, in which it has been held that the sheriff was not liable for such acts of his deputy. This is upon the ground that by following such instructions instead of the line of duty prescribed by law, the deputy became the mere agent of the plaintiff, and his acts personal and not official in their character. But this is no such case. The sheriff is liable for all the acts of the deputy, official in their character, in executing process, whether he knew the deputy had the process or not. It would be a most dangerous and oppressive rule to hold that a plaintiff before he could recover of a sheriff for the wrongful act of the deputy, must prove that the former directed or sanctioned the act. There must be a new trial, with costs to abide the event.

[MONROE GENERAL TERM, December 4, 1865. *Johnson, E. Darwin Smith* and *James C. Smith*, Justices.]