JAMES E. CONNER AND ANOTHER, EXECUTORS, ETC., OF
WILLIAM C. CONNER, DECEASED, RESPONDENTS, v.
MARTIN J. KEESE AND OTHERS, APPELLANT

*Bond given by a deputy to the sheriff — when the sheriff is bound by acts done by the
deputy in pursuance of orders of the under sheriff — the deputy is not liable for
the costs of an unsuccessful appeal taken by the sheriff without the deputy's consent.*

This action was brought by the executors of a deceased sheriff against Keese,
one of his deputies, and the sureties upon the latter's bond, to recover the
damages sustained by the sheriff by reason of a false return of an execution
delivered to Keese. The bond contained, among other provisions, a waiver of
notice of any action that might be brought against the sheriff, and an agree-
ment that any judgment recovered against the sheriff for any non-feasance or
malconduct of the deputy should be conclusive evidence of the liability of the
obligors to the sheriff for the amount thereof, with lawful interest thereon,
and all costs and counsel fees incurred by him in such action. A judgment
was recovered against the sheriff for the false return of an execution issued to
Keese, upon the trial of which action Keese was examined as a witness.

Upon the trial of this action Keese offered, but was not allowed, to prove that upon
his appointment he was told by the sheriff to follow the directions of under
sheriff Cuming in respect to all process which should come into his hands, and
that he, the sheriff, would be bound by what Cuming should direct, and that
in making the levy and return, for which the judgment was recovered against
the sheriff, he acted in pursuance of express directions received from Cuming
and the sheriff's counsel.

*Held,* that the court erred in rejecting the evidence.

The plaintiff was allowed to recover the costs of unsuccessful appeals, taken
by him in the action brought for a false return, to the General Term and the
Court of Appeals, and his reasonable counsel fees incurred thereon. The
defendants offered, but was not allowed, to show that the said appeals were
made without the authority or request of the deputy.

*Held,* that the court erred in excluding the evidence.

APPEAL from a judgment in favor of the plaintiffs, entered upon
the verdict of a jury directed by the court at circuit.

*E. P. Wilder,* for the appellants.

*Vanderpoel, Green & Cumming,* for the respondents.

DAVIS, P. J.:

The respondent's testator, William C. Conner, was sheriff of the
city and county of New York. The appellant Martin J. Keese,

was one of his general deputies. The three other defendants were sureties upon the bond given by the appellant Keese, as such deputy sheriff, to Conner as sheriff. This action was brought by the sheriff in his lifetime, upon the bond so given, to recover for damages alleged to have been sustained by means of a false return of an execution which had been delivered to Keese to be executed by him as deputy sheriff.

The condition of the bond was to the effect that the said Keese should in all things well and truly execute his office of deputy sheriff, and that he and said sureties should at all times save and keep harmless and indemnified the sheriff, touching and concerning the execution and return of all writs whatsoever, which should thereafter be delivered to Keese as deputy sheriff, and save and keep harmless the sheriff from and against all issues, fines, demands, damages, costs, liabilities and charges whatsoever, hereafter to be demanded or demandable of or against the sheriff for or by reason of any other neglect of any kind whatsoever of the said defendant Martin J. Keese, in executing wrongfully or neglecting to execute the said office of deputy sheriff for the city and county during the time aforesaid; and also for or by reason of any manner of nonfeasance or misfeasance or malconduct of the said Martin J. Keese, in anywise touching the execution of his said office.

The bond also contained the following clause: "We hereby expressly waiving notice of any suit, action or proceeding, of whatever name or nature, against said Conner, for or by reason of any such neglect, omission, non-feasance, misfeasance or malconduct, and expressly stipulating and agreeing that the recovery against said Conner of any judgment, or the order imposing any fine, costs, charge or liability upon said Conner, for or by reason of any of the matters aforesaid, shall be conclusive evidence of our liability to him under this bond for the full amount which he may, by the terms of such judgment or order, be adjudged or required to pay, together with lawful interest thereon, and all costs, counsel fees and expenses incurred by him in the defense of any such suit, action or proceeding."

An action for false return had been brought by one Theresa Hoffman against said Conner, in the trial of which judgment was recovered against him. An appeal was taken to the General Term

of the Supreme Court where the judgment was affirmed, with costs, and a further appeal was taken to the Court of Appeals where the judgment was again affirmed, with costs. The sheriff defended the action for false return, and the defendant Keese was a witness upon the trial thereof. The opinion of the Court of Appeals on the affirmance of the judgment is to be found in 76 New York, at page 121. This opinion was put in evidence upon the trial of this action, and it was admitted that it indicated the nature of the action. The plaintiff then put in evidence the warrant of appointment of Keese as deputy sheriff, and it was admitted that the execution upon which the alleged false return was made was delivered by the plaintiff to the defendant Keese as deputy sheriff. The bond was also put in evidence. The plaintiff showed the amount of interest claimed, and that, with interest, the judgment and costs amounted to $1,743.53. It was then testified, by one of the plaintiff's counsel, that $1,000 would be a moderate and fair compensation for the services of counsel upon the trial of the action and the several appeals taken, in addition to the disbursements, which appear to have been fifty-nine dollars. The plaintiff having rested, each of the defendants moved to dismiss the complaint on the ground :

*First.* That there is no evidence of any breach of the bond in suit.

*Second.* That there is no proof that Mr. Keese ever made a false return or any default in the execution of any process entrusted to him.

*Third.* That the execution is not in evidence, and there is nothing in the testimony to connect Mr. Keese with the alleged default in the case of *Hoffman* v. *Hoffman.*

This motion was denied and exceptions taken for each defendant. The defendants each then moved to strike out all evidence of the expenses incurred by the plaintiff in defending the litigation against him at the General Term and Court of Appeals, on the ground that there is no evidence that Mr. Keese was responsible for the incurring of those costs, or ever requested any legal steps to be taken further than the proceedings at circuit. This was denied and each of the defendants excepted.

On the part of the defense, the appellant Keese was called as a witness and testified that he was a deputy sheriff when the plaintiff's term of office commenced, and that he was present at the commencement of his term when he gave instructions to the depu-

ties as to the manner in which they should proceed in the execution of processes. He was asked to state what those instructions were This was objected to as immaterial, and counsel for the defendants then stated that he asked the question for the purpose of showing that at the time specified sheriff Conner directed the deputies to follow the directions of under sheriff Cuming in respect to their manner of proceeding in all processes which should come into their hands, and that he would be bound by what under sheriff Cuming should direct if they followed his instructions, and that in this particular instance the witness obeyed such instructions.

This was objected to on the ground that under the terms of the bond it was entirely immaterial. This objection was sustained and the evidence was excluded, and each of the defendants excepted. The witness then testified that after the execution had reached his hands he ascertained that the property was not in the possession of the defendant but was in the possession of a party named Miller, who claimed to own it, and that he reported this fact at once to the under sheriff John T. Cuming. The question was then asked: "What did he direct you to do?" This was objected to, the objection was sustained, and the defendants excepted. The witness then testified that he did not levy on the property; that he did not know where it was, but was informed it was in the possession of a Mr. Miller. The witness was then shown a letter which he testified came into his hands; that he received it from the under sheriff and gave it to the sheriff's attorneys, Vanderpoel, Green & Cumming; that one of that firm wrote a note on the back of it, and that he then took it and gave it to Mr. Wilder, to whom the counsel sent him. He then stated that the under sheriff gave him instructions before he delivered the letter to him, and he was asked: "What were those instructions?" This was objected to, the objection sustained, and the defendants excepted. He testified further that Mr. Cumming, the sheriff's attorney, drafted a return on the execution in lead pencil, and he followed the instructions and wrote it out in his own handwriting, but did not sign it. He was then asked: "Who signed the return?" This was objected to, the objection was sustained, and the defendants excepted. The court then directed the stenographer to note that the return is not in the possession of the witness. He was then asked what instructions, if any, Vander-

poel, Green & Cumming gave him. This was objected to, the objection was sustained, and the defendants excepted. He was then asked if he employed Vanderpoel, Green & Cumming as his counsel. This was also objected to, and the objection was sustained, and the defendants excepted. On further examination this witness was also asked to state what he did with the execution from its inception. Same objection, ruling and exception. He was then asked whether he obeyed the instructions of the under sheriff in regard to his acts in connection with the execution. Same objection, ruling and exception. He then testified that he had received instructions from the sheriff's counsel in regard to the execution, and was asked to state what those instructions were. This was objected to and excluded, and exception taken. The witness stated that he remembered when sheriff Conner was sued in the action of *Hoffman* v. *Conner*. He was asked if he advised the defense of that suit. This was objected to, and the objection sustained, and an exception taken. He was then asked if he advised or was consulted in reference to the appeals to the General Term and the Court of Appeals. These questions were objected to, and the evidence excluded and an exception taken.

At the close of the testimony a motion was made on behalf of the defendants to dismiss the case, which was denied. The court thereupon directed a verdict for the whole amount, including the costs of the several appeals and the counsel fees and expenses, making a total of $2,734. Specific objections were taken on the part of the defendants to so much of the direction as includes in that amount the amount of counsel fees involved in the prosecution of the two appeals, and the amount of the costs in the two appeals, on the ground that there is no authority shown to incur those expenses, or to prosecute those appeals.

Exceptions were also taken to the direction of any verdict on behalf of the plaintiff, on the ground that there is no breach proved in the condition of this bond; that there has been no execution put in evidence here, or any proof of any false return of that execution to the court.

The jury rendered a verdict pursuant to the direction. It is not necessary to determine on this appeal whether the plaintiff, at the trial, sufficiently established the false return in this case. Neither

the return nor the execution were put in evidence; but it is claimed that they were sufficiently admitted by the pleadings, and that the fact being proved that the execution was in the hands of the deputy Keese, and that a judgment for false return was recovered against the sheriff established that the alleged false return was made by the deputy. Assuming that this was sufficient (which we do not mean to adjudge), it was, nevertheless, under well established authorities, competent both for the deputy and his sureties to show, if they could, that the return was made by the express direction of the sheriff and in such form that the deputy acted simply in obedience to his instructions.

It was declared by the court in *Tuttle* v. *Cook* (15 Wend., 274) that "the proposition of law is a familiar one, that the bail of a deputy sheriff, being considered in the light of sureties, are only responsible for his official acts as a general deputy; and further, that he is not accountable to his principal in that character, when acting under his special direction and authority, in a given case. The ground of irresponsibility in the first instance turns upon the contract of the bail; in the latter, upon the necessary exclusion of all discretion on the part of the deputy in the performance of the particular act. It would be unreasonable to hold him accountable to the sheriff for the consequences of an act explicitly directed by the sheriff."

With this familiar rule in view, it is difficult to see upon what rightful ground the evidence offered on the part of the defendants, tending to show express directions in respect of the return of the execution, was excluded. It was shown that one John T. Cuming was the under sheriff of the plaintiff Connor; and it was offered on the part of the defendants to show that sheriff Connor gave express directions to his deputies that they should follow the directions of under sheriff Cuming, and that he would be bound by what the under sheriff should direct if they followed his instructions, and that in this particular instance the witness obeyed such instructions. All this was excluded, on the ground that under the terms of the bond it was entirely immaterial. It was afterwards, in various forms, offered to be shown that the under sheriff, in this particular case, gave express directions as to the action to be taken by the deputy sheriff in respect of the property which should have been delivered

on the execution and in respect to the return to be made to the execution; and also that the deputy sheriff was sent by him to counsel of the sheriff for instructions, and that they gave instructions in respect to the return, which the witness testified were drafted by one of the counsel in pencil, and afterwards written out in his own handwriting but not signed by him.

There can, we think, be no doubt but that under these circumstances the directions of the under sheriff would be precisely equivalent to any that the sheriff personally might have given. The sheriff clothed the under sheriff, in respect of such process, with the same power that he himself possessed, and it did not lie in his mouth to assert, if that fact be true, that the directions of the under sheriff would not be equivalent to his own.

In the case of *Tuttle* v. *Cook* it appears that the under sheriff of the county gave instructions to a deputy in respect to a levy, for the making of which damages had resulted to the sheriff, which he sought to recover upon the bond. No question seems to have been made as to the right of the under sheriff to control the deputy by particular and positive instructions in a given case; and certainly we think none could be where it was shown affirmatively (as was sought to be done in this case) that the sheriff had directed his deputies to take their instructions from the under sheriff, and declared that he would be bound by whatever the under sheriff should direct whenever they followed his directions.

There is nothing whatever in the bond that would preclude a deputy sheriff from showing, in answer to an action of this kind, that he was specially directed by the sheriff to make the return in the form and manner in which it was made, for which the sheriff was afterwards held liable in an action. That would be neither malfeasance nor non-feasance, nor would it be any omission of duty. As between himself and the sheriff it would be no act of the deputy, but the sheriff's own act, for which neither the deputy nor his sureties would be held responsible. We think the exclusion of the evidence tending to establish such directions was error, for which a new trial must be had.

The evidence should also have been admitted, we think, by which the defendant sought to show that after the recovery against the sheriff at circuit the several appeals to the General Term and to

the Court of Appeals were made without the authority or request of the deputy. Under the bond the recovery against the sheriff, assuming it to be a case in which the deputy and his bail were liable, fixed their liability, and it is, to say the least, questionable whether the sheriff would be justified in bringing the several appeals without the consent of the deputy or his sureties, express or implied. It would seem to be his duty, if he intended to fall back upon the bond, to have called upon the deputy and his sureties to have determined whether or not they desired any further action in the nature of appeal to be taken in the case. The facts should have been brought out in order to enable the court to determine the rule of law that should be applied to such facts when developed by the evidence. But without passing upon that question we think it very clear that the judgment cannot be sustained on the other grounds already considered.

Judgment reversed, new trial ordered, with costs to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event.