PETER J. WHITE, Appellant, *v.* RICHARD J. BARRY, Respondent.

Argued February 25, 1942; decided April 23, 1942.

*Jay Leo Rothschild* and *Warren C. DuBois* for appellant. There was an issue of fact as to whether whatever was done by plaintiff's attorney's assistant was attributable, as a matter of law, to the plaintiff. (*McKane* v. *Dady*, 128 App. Div. 190; 201 N. Y. 574; *Anderson* v. *McAleenan*, 15 Daly, 444; *Wertheimer* v. *N. Y. Railways Co.*, 177 App. Div. 448.) A mere general statement of the truth of the allegations of the complaint is a conclusion and does not constitute a sufficient answer. (*Bingham* v. *Gaynor*, 203 N. Y. 27; *Wachter* v. *Quenzer*, 29 N. Y. 547; *Schieffelin* v. *Hylan*, 205 App. Div. 360; *Jacobs* v. *Herlands*, 257 App. Div. 1050; *Brush* v. *Blot*, 16 App. Div. 80; *Levy* v. *Annenberg*, 140 Misc. Rep. 317; *Vosbury* v. *Utica Daily Press Co.*, 105 Misc. Rep. 134.)

*Frederick W. Ritter* and *Charles H. Wald* for respondent. The partial defenses are adequate in law. (*Fleckenstein* v. *Friedman*, 266 N. Y. 19; *Dolgorouky* v. *Daily Mirror, Inc.*, 248 App. Div. 486; *Gressman* v. *Morning Journal Assn.*, 197 N. Y. 474; *Lanpher* v. *Clark*, 149 N. Y. 472; *Hains* v. *N. Y. Evening Journal, Inc.*, 138 Misc. Rep. 504; *Russo* v. *Howard*, 127 Misc. Rep. 762; *Davis* v. *News Syndicate Co.*, 141 Misc. Rep. 673; *Mattice* v. *Wilcox*, 147 N. Y. 624; *Hamilton* v. *Eno*, 81 N. Y. 116; *Wachter* v. *Quenzer*, 29 N. Y. 547.)

*Per Curiam.* The action is one for libel. The parties are lawyers. In an action brought by plaintiff's wife against him, she was represented by the defendant and the plaintiff by Mr. Henry A. Uterhart. Respecting an order made in that action, the defendant wrote to Mr. Uterhart a letter the body of which is in this text:

" *White* v. *White*

" Dear Mr. Uterhart:

" The enclosed notice of resettlement is made necessary by reason of the fact that your client, Mr. Peter White, either personally or through his representative, had the audacity to submit to the

Court an order now on record, backed up with a plain backer and with my name and address typewritten thereon. In other words, Mr. White led the Court to believe that the order submitted had been prepared by me.

"I simply advise you of this fact for the reason that knowing of you as I do, I feel definitely certain that you had no knowledge of this action upon Mr. White's part.

"Very truly yours,

"RICHARD J. BARRY."

The pleadings show that such an order was made up and submitted to the court by employees of Mr. Uterhart in his absence and in the absence of the plaintiff. In our judgment, these circumstances did not necessarily establish that the letter was true in substance.

To constitute a complete defense the justification was bound to be as broad as the actionable significance of the words. "A workable test is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced." (*Fleckenstein* v. *Friedman*, 266 N. Y. 19, 23.) We think it is for a jury to say whether the defendant in fact defamed the plaintiff by charging him with conscious sharp practice "either personally or through his representative." It is, of course, for the plaintiff to say whether he will stand upon his rights in a matter that may seem trivial to others. (*Morningstar* v. *Lafayette Hotel Co.*, 211 N. Y. 465, 468.)

The judgment of the Appellate Division should be reversed, and the order of Special Term affirmed, with costs to the appellant in this court and in the Appellate Division. (See 288 N. Y. 669.)

LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur; LEHMAN, CH. J., and CONWAY, J., dissent.

Judgment accordingly.