The People of the State of New York ex rel. Norman Paul, Relator, against Warden of the City Prison of the City of York, Defendant.

Supreme Court, Special Term, Kings County, March 4, 1947.

*Irving A. Scheinberg* and *Michael Kern* for relator.

*Miles F. McDonald* and *David Diamond* for defendant.

Wenzel, J. The door to a man's house in a civilized community is more than a means of ingress and egress for him. It is a tacit invitation to those who have lawful business with him to stand before it and announce themselves by ringing his door-

bell. Though they be then upon his property they are not trespassers and do not become such until they overstay their welcome and ignore a request to leave. If they have business with someone other than the owner resident in the building, they have a right to request to be announced to such a person and to be told by such a person or his or her agent that such person does not wish to see them if that is the fact. A deputy sheriff armed with process of this court certainly had a like privilege, nor would he have been performing his full duty if he permitted some interloper, unknown to him and whose authority was questionable, to turn him from the door without some insistence on communicating with the person to whom the process is addressed. Having identified himself and his mission it is to be presumed that all decent and law-abiding citizens will recognize and respect the forces of law and order. The deputy sheriff made no attempt to force his way into the house or otherwise act except in consonance with his duty. Under the circumstances, the relator was guilty of an assault when he aimed a loaded revolver at the deputy's head and threatened in rough and raucous language to blow it off. In some parts of this great country the relator would now be the central figure at a coroner's inquest instead of the relator in a habeas corpus proceeding. Writ dismissed.