EDWARD RAGER, Appellant, *v.* JOHN J. McCLOSKEY, Individually and as Sheriff of the City of New York, et al., Respondents.

Argued December 1, 1952; decided February 26, 1953.

*Lloyd Paul Stryker* and *Harold W. Wolfram* for appellant.
I. Plaintiff has pleaded a cause of action against defendants
for the intentional infliction of injury without justification.
(*Opera on Tour* v. *Weber*, 285 N. Y. 348; *American Guild of
Musical Artists* v. *Petrillo*, 286 N. Y. 226; *Langan* v. *First Trust
& Deposit Co.*, 293 N. Y. 604; *Advance Music Corp.* v. *American
Tobacco Co.*, 296 N. Y. 79; *Wilson* v. *Hacker*, 200 Misc. 124;
*Rochette & Parzini Corp.* v. *Campo*, 301 N. Y. 228; *Barile* v.
*Fisher*, 197 Misc. 493; *Beardsley* v. *Kilmer*, 236 N. Y. 80; *Pagano,*

*Inc.,* v. *New York Life Ins. Co.,* 198 Misc. 598; *Original Ballet Russe* v. *Ballet Theatre,* 133 F. 2d 187.) II. The injury to plaintiff consists of the temporal damages which he has sustained and the severe emotional distress inflicted upon him. (*Opera on Tour* v. *Weber,* 285 N. Y. 348; *Aikens* v. *Wisconsin,* 195 U. S. 194; *Mogul S. S. Co.* v. *McGregor, Gow & Co.,* 23 Q. B. D. 598; *Rochette & Parzini Corp.* v. *Campo,* 301 N. Y. 228; *Klumbach* v. *Silver Mount Cemetery Assn.,* 242 App. Div. 843, 268 N. Y. 525; *Dyer* v. *Broadway Central Bank,* 252 N. Y. 430.) III. Plaintiff has pleaded a cause of action against defendants in trespass. (*People ex rel. Paul* v. *Warden of City Prison,* 190 Misc. 528; *United States* v. *On Lee,* 193 F. 2d 306.)

*James M. Gilleran* and *John J. O'Connor* for John J. McCloskey and another, respondents. I. The intermediate order of Special Term dismissing the first amended complaint is the law of the case because it was not brought up for review in the notice of appeal. (*Matter of O'Connor Long Island Properties Corp.* v. *Bruckman,* 288 N. Y. 23; *Menkes Feuer, Inc.,* v. *Peoples Bank of Johnstown,* 294 N. Y. 748; *Landmesser* v. *Hayward,* 157 App. Div. 74; *Duerr & Co.* v. *Craven,* 114 N. Y. S. 784; *McIlvaine* v. *Steinson,* 90 App. Div. 77; *Matter of Flanagan [Flanagan],* 271 App. Div. 1014; *Waldo* v. *Schmidt,* 200 N. Y. 199; *Potter* v. *Emerol Mfg. Co.,* 275 App. Div. 265; *Linton* v. *Perry Knitting Co.,* 295 N. Y. 14.) II. The second amended complaint fails to state a cause of action in " prima facie " tort. (*Stevenson* v. *News Syndicate Co.,* 302 N. Y. 81.) III. The words pleaded in the first and second amended complaints are not slanderous or libelous. (*Weidberg* v. *La Guardia,* 170 Misc. 374; *Bordman* v. *Gazette Co.,* 225 Iowa 533; *Dillard* v. *Shattuck,* 36 N. M. 202; *Bleecker* v. *Drury,* 149 F. 2d 770.) IV. The acts pleaded in the first and second amended complaints are not trespass. (*Hinman* v. *Borden,* 10 Wend. 367; *People ex rel. Paul* v. *Warden of City Prison,* 190 Misc. 528; *Hubbard* v. *Mack,* 17 Johns. 127; *Cantrell* v. *Conner,* 6 Daly 39.)

*August Zolotorofe* for Edgar A. Palmieri, respondent.

FULD, J. We are here concerned solely with the legal sufficiency of a pleading, plaintiff's second amended complaint. The first amended complaint, setting forth ten separately stated

causes of action, was previously held insufficient, by the court at Special Term and by the Appellate Division, as to all but one cause of action and dismissed, with leave to serve a further amended complaint. In his second amended complaint, plaintiff realleges substantially the same facts as were earlier set forth, although in the form of a single cause of action.

Plaintiff and defendant Palmieri are attorneys who represented the adversary parties in certain matrimonial litigation. Defendants McCloskey and Dickstein are, respectively, the sheriff and a deputy sheriff of the City of New York. The complaint charges defendants with a conspiracy maliciously to destroy plaintiff's professional practice and reputation and sets forth a number of allegedly false statements claimed to have been made by Palmieri concerning plaintiff, as well as allegedly false statements and other acts attributed to Dickstein in connection with the latter's attempts to serve certain process on plaintiff at the instance of Palmieri.

The second amended complaint, the one now before us, was dismissed, on motion, by Special Term — finally as to McCloskey and Dickstein and with leave to amend as to Palmieri — upon the ground that the prior order dismissing the first amended complaint was *res judicata* and conclusively established the complaint's insufficiency except for the allegations of the single cause of action previously sustained.

Since the earlier order dismissing the first amended complaint granted plaintiff leave to serve a further amended pleading, it lacked the quality of finality and may not, following the service of the amended complaint, be treated as a conclusive adjudication precluding further consideration of the issues. (See *Walker* v. *Gerli,* 257 App. Div. 249; see, also, *Bannon* v. *Bannon,* 270 N. Y. 484, 490.) Nor may the doctrine of the law of the case here be invoked. That doctrine, as distinct from *res judicata,* is limited in application — at least insofar as intermediate or interlocutory determinations are concerned — to a tribunal of co-ordinate jurisdiction, and the prior ruling is, therefore, not binding upon this court. (See *Hornstein* v. *Podwitz,* 254 N. Y. 443, 450; *Vogeler* v. *Alwyn Improvement Corp.,* 247 N. Y. 131, 134–135; *Ansorge* v. *Kane,* 244 N. Y. 395, 397.)

Independent study persuades us that the complaint now under consideration does spell out a cause of action, not only against Palmieri — as the courts below previously held — but against the other two defendants as well.

The cause of action against Palmieri, one for slander, charges that that defendant, in a telephone conversation with one of plaintiff's employees, falsely accused plaintiff of having " committed a fraud " in obtaining a Nevada divorce decree for his client, and stated further that he could get plaintiff " into quite a mess and even disbarred ". The imputation unquestionably concerned plaintiff in his professional character as an attorney and was reasonably susceptible of such a construction as would tend to injure him in that capacity. (See *Kleeberg* v. *Sipser,* 265 N. Y. 87; *White* v. *Barry,* 288 N. Y. 37.) That being so, the statement is actionable as slander per se, without the necessity of pleading special damage. (See *Sanderson* v. *Caldwell,* 45 N. Y. 398, 405.)

The cause of action against Dickstein and McCloskey, for trespass, charges that Dickstein entered plaintiff's law office, apparently for the purpose of serving process upon plaintiff, and that, not finding plaintiff there, he made " violent efforts " to open the doors into the inner offices, forcibly wrenched apart the glass partition into the typists' room, used abusive and profane language, and threatened plaintiff's employees with jail unless they produced plaintiff. It is additionally alleged that, although he was repeatedly told to leave, he remained until removed by a police officer. A trespass may consist, not only in making an unauthorized entry upon private property, but in refusing to leave after permission to remain has been withdrawn. (See Restatement, Torts, § 158; Prosser on Torts, p. 89.) Consequently, while Dickstein's original entry may have been lawful — and quite apart from the effect of the other acts charged to him while on the premises — the allegations that he refused repeated requests to leave and persisted in remaining there for a not inconsiderable period suffice to charge a trespass by Dickstein. (See *Adams* v. *Rivers,* 11 Barb. 390, 397; see, also, *People ex rel. Paul* v. *Warden of City Prison,* 190 Misc. 528, 529.)

Although there is no showing that McCloskey directed or authorized his deputy Dickstein to go to the lengths alleged in the complaint to effect service, the facts stated are, nevertheless, also adequate for a cause of action in trespass against Dickstein's superior. By " the common law," it has been said, " a sheriff is liable in trespass for the acts of his deputy committed in the attempt to execute process, although without his direction or recognition." (*People ex rel. Kellogg* v. *Schuyler,* 4 N. Y. 173, 181; see, also, *Pond* v. *Leman,* 45 Barb. 152.)

Since, then, the complaint does state a cause of action against each of the defendants, it is immune from attack for insufficiency, even though it may contain additional allegations that are inadequate to charge any further cause of action. (See *Abrams* v. *Allen,* 297 N. Y. 52, 54; *Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 84; *Abbey* v. *Wheeler,* 170 N. Y. 122, 127.) Accordingly, we postpone for possible future consideration the question whether other allegedly false statements — attributed to one or another of defendants — may be ruled defamatory and slanderous per se, as well as the further question whether the recitals of conspiracy are sufficient to charge each of the defendants with liability for the acts of the others.

We might have stopped at this point were it not for plaintiff's strong and primary insistence upon the prima facie tort doctrine. The trial court, confronted with a voluminous complaint and faced with the task of appraising the impact of a doctrine still in the process of growth, is entitled to a brief expression of our views upon the subject.

It is plaintiff's argument that, even if the averments of his complaint do not fall within any one of the traditional categories of tort, they may be upheld upon the theory that, " *prima facie,* the intentional infliction of temporal damage is a cause of action, which * * * requires a justification if the defendant is to escape." (*Aikens* v. *Wisconsin,* 195 U. S. 194, 204; see, also, *Rochette & Parzini Corp* v. *Campo,* 301 N. Y. 228, 232; *Advance Music Corp.* v. *American Tobacco Co., supra,* 296 N. Y. 79, 84; *Opera on Tour, Inc.,* v. *Weber,* 285 N. Y. 348, 355; Note, 52 Col. L. Rev. 503.) However, whether reliance be placed on that doctrine or· on the related right of action for damage resulting from intentional falsehood (see *Al Raschid* v. *News*

*Syndicate Co.,* 265 N. Y. 1, 3–4; *Ratcliffe* v. *Evans,* [1892] 2 Q. B. 524, 527), the allegations of the complaint — apart from those relating to the particular torts already noted — are defective in failing to show any actual temporal damage resulting from the false statements or the acts complained of. The recital in the complaint that plaintiff suffered the loss of clients as the result thereof must be rejected as " a mere conclusion or surmise " and may not be regarded as the essential statement of facts giving rise to liability. (See *Al Raschid* v. *News Syndicate Co., supra,* 265 N. Y. 1, 5.) None of the challenged statements — putting aside any which does, or may, constitute slander per se — was such as to be " calculated in the ordinary course of events " to produce the consequence averred. (Cf. *Mogul S. S. Co.* v. *McGregor, Gow & Co.,* 23 Q. B. D. 598, 613, affd. [1892] A. C. 25; *Ratcliffe* v. *Evans, supra,* [1892] 2 Q. B. 524, 527.) Moreover, no facts are alleged to show that any clients were on the scene or within hearing when the asserted statements were made. In essence, plaintiff's plaint is that he has been injured in his reputation. But, except insofar as the facts pleaded amount to actionable defamation — in which event damage to plaintiff's reputation would be presumed — plaintiff has no right of action, unless the complaint makes a showing that actual damage has resulted. That the pleading before us fails to do.

However, since the complaint does effectively charge Palmieri with a cause of action in slander and McCloskey and Dickstein with one sounding in trespass, it should not have been dismissed. The judgments dismissing the second amended complaint as against defendants McCloskey and Dickstein should be reversed, and the motion made by those defendants denied. The orders dismissing the second amended complaint as against defendant Palmieri should likewise be reversed, the question certified answered in the affirmative, and the matter remitted to Special Term for further proceedings upon the motion made by that defendant under rules 103, 107 and 90 of the Rules of Civil Practice. Plaintiff should be granted costs in all courts.

Loughran, Ch. J., Lewis, Conway, Desmond, Dye and Froessel, JJ., concur.

Judgment accordingly. [See 305 N. Y. 924.]