■ CELIA RAEDER, Respondent, v. NEW YORK TIMES et al., Appellants.— In an action to recover damages allegedly caused by the willful and malicious destruction by defendants of plaintiff's television show " Creative Frontiers ", defendants appeal from that portion of an order which granted their motion under rule 90 of the Rules of Civil Practice, unless plaintiff stipulate that she intends to plead but one cause of action, and that allegations of other torts are pleaded only by way of aggravation of damages, or to show malice, and from that portion of the same order which denied relief under rule 102 of the Rules of Civil Practice. Order modified by inserting in the second ordering paragraph between the words " alleged " and " in all other respects " a further provision that the allegations of paragraphs Twelfth, Twenty-first and Twenty-sixth be set forth in concise and understandable terms and that the provisions of paragraph Twenty-sixth, Twenty-eighth and Twenty-ninth be made more definite and certain, by allegations which, in addition to those which will identify the acts complained of, will definitely state what contract or contracts were interfered with, if any, and what contract negotiations or other alleged prospective economic advantages were interfered with, or destroyed by the acts complained of. As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to appellants. The allegations of paragraphs Twelfth and Twenty-first, as presently pleaded, are so worded that it is extremely difficult to understand what is intended to be stated as to the nature of plaintiff's show, or what plaintiff intends to allege as to the matters upon which the success of her venture depends. It is likewise impossible to understand what is intended to be alleged in paragraph Twenty-sixth, in which it is stated that defendants induced a named corporation " to breach its contract with the plaintiff and to consummate the same in writing ". In addition to the clarification of these allegations, defendants are entitled to definite information with respect to the contract, contracts, or negotiations alleged to have been interfered with, if any, as well as a specific statement of the details of the special damage claimed. (*O'Connell* v. *Press Pub. Co.,* 214 N. Y. 352, 358; *Rager* v. *McCloskey,* 305 N. Y. 75, 81.) An amended complaint may be served within twenty days after service of the order to be entered hereon. In connection therewith, plaintiff's attention is called to the provisions of rule 90 of the Rules of Civil Practice which require that each paragraph of a pleading shall contain, as nearly as may be, a separate allegation. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ JULIUS H. SHLESINGER, Respondent, v. FRANCIS L. SMITH, Appellant. — Appeal by defendant from an order denying his motion to compel plaintiff to state and number separately the causes of action alleged in the complaint, and from an order denying his motion to dismiss the complaint for insufficiency. Orders affirmed, with one bill of $10 costs and disbursements. No opinion. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.