In the Matter of BROWN, HARRIS, STEVENS, INC., et al., Appellants, against CHARLES ABRAMS, as State Rent Administrator, Respondent, and HERTA DI VEROLI, Intervenor-Respondent.

First Department, November 7, 1956.

*Bernard M. Kommel* of counsel (*Kommel & Rogers*, attorneys), for appellants.

*Norman S. Fenton* of counsel (*Nathan Heller*, attorney), for respondent.

*Robert E. Moss* for intervenor-respondent.

*Per Curiam.* In an original proceeding before the Rent Administrator, a determination was made that the premises were decontrolled. The tenant instituted an article 78 proceeding to review the determination. The landlords, although given the opportunity to intervene in that proceeding, elected not to do so but to leave the representation of their interest to the Rent Administrator. Special Term annulled the determination of the Rent Administrator, holding that the premises were not decontrolled, and remitted the matter to the Administrator to fix the rent. The Administrator appealed but abandoned the appeal, acquiesced in the decision at Special Term and fixed the rent for the premises. The landlords then instituted an article 78 proceeding to review the action of the Administrator taken in accordance with the direction of the court. Special Term dismissed the landlords' petition, holding that the matter had been concluded by the prior decision. The landlords appeal from that determination.

The court below properly concluded that the issue between the parties had been adjudicated by the prior decision, as to which an appeal had been taken but was abandoned. The landlords claim before us, however, that they are not bound by the prior determination because they were not a party to that proceeding. They cite and rely upon the decision of this court in *Matter of Milner* v. *Abrams* (1 A D 2d 883), as authority for their right to be heard anew and to be relieved from that determination.

The *Milner* case is quite distinguishable from the instant case. In that case the appellant, who had not originally intervened in an article 78 proceeding to review a determination of the Rent Administrator, subsequently sought to intervene at Special Term and to set aside the unfavorable order which had been entered by rearguing the issue upon the presentation of additional proof. Special Term granted the motion to intervene and took the new proof but adhered to its prior decision. Appellant then sought to appeal to this court from both the first and second orders of Special Term. This court held that appellant had no standing to appeal from the first order, but had standing by virtue of his intervention and presentation at Special Term to appeal from the second order. Upon that appeal this court remitted the matter to the Administrator for further consideration.

In the present proceeding the landlord neither sought nor obtained leave to intervene at Special Term. Instead, he seeks

by indirection to gain a review of the final order then entered by instituting a new article 78 proceeding from a determination of the Rent Administrator made in compliance with that order. This he may not do. The issue was concluded by the prior ruling from which no appeal was prosecuted. We therefore do not reach the substantive question sought to be tendered by this appeal.

The order appealed from should be affirmed, with costs to respondents.

FRANK, J. (dissenting). This is an appeal from an order at Special Term, in an article 78 proceeding, denying petitioners' (landlords') motion to annul a determination of the State Rent Administrator which held that the premises involved were subject to rent control and established a maximum rent therefor.

The majority have affirmed the order. I must dissent.

It is contended by the respondent (State Rent Administrator) and the intervenor (Herta Di Veroli) that the apartment involved was originally and still is a nine-room duplex apartment located in 830 Park Avenue, city of New York. The intervenor no longer occupies the premises, having surrendered possession in November, 1953. Indeed, she alleged in an affidavit (dated December 16, 1953) filed with the commission that '' this application is made to enable me to commence an action to recover rents paid in excess of the maximum rents ''.

The factual and procedural chronology is briefly stated. The original papers (submitted in lieu of a printed record) disclose that after the apartment became vacant in or about June, 1948, it was converted by the erection of several partitions and other changes, into two units, one consisting of seven rooms and the other containing two rooms and bath.

On July 1, 1948, the seven-room apartment was leased to intervenor's husband Giorgio Di Veroli at a rental of $500 per month for a term to end on September 30, 1951. Before the expiration date, another lease at the same rental and terminating on September 30, 1954, was executed. The two-room apartment was leased to a tenant by the name of French who occupied it until December 31, 1949. Thereafter for a period of time one Howell occupied the premises. Petitioners allege, and it is not denied by the respondent or the intervenor, that these tenants were strangers to the Di Verolis. It was only after Howell vacated the two-room apartment that it was rented to Miss Hoffman, who was an employee of the intervenor. Her occupancy has, in my view, been unduly emphasized, as will hereinafter appear.

Mr. Di Veroli died in November, 1952. About a year later the intervenor, representing his estate, surrendered possession of the seven-room apartment and entered into an agreement canceling the renewal of the original lease, with an exchange of mutual releases.

In January, 1954, the intervenor commenced a proceeding in the Manhattan Rent Office, which resulted in the issuance of an order establishing a maximum rent for the seven-room apartment, to which order both parties filed protests.

The State Administrator, in a decision upon the issues raised, held as follows: "After a careful consideration of the entire record the Administrator is of the opinion that the protest of the landlord should be granted and that the protest of the tenant should be denied. The record indicates that prior to 1948 the subject accommodation was part of a nine-room duplex apartment. The record further indicates that in 1948, while the said duplex apartment was vacant, the landlord created therefrom a seven-room duplex apartment (subject accommodation) and a two-room apartment with bath and that the two-room apartment was rented to various tenants since 1948. In accord with the decision of the Court of Appeals in *Matter of Hutchins,* 307 N. Y. 78, the subject accommodation must be deemed to be decontrolled pursuant to Section 9, Par. 5 of the Rent and Eviction Regulations. On the basis of the entire evidence of record, including the report of conference, the Administrator finds that the subject accommodation is decontrolled and the order of the Local Rent Administrator should be revoked."

The intervenor then instituted an article 78 proceeding solely against the State Rent Administrator. She did not join the petitioners as parties to the proceeding. On November 18, 1954 Special Term entered an order annulling the decontrol order of the State Rent Administrator and remitted the matter to the administrator for further consideration with respect to the maximum rent. The petitioners, who could have sought permission to intervene in Special Term, did not do so. The State Rent Administrator filed a notice of appeal to this court. In January, 1955 the petitioners sought permission to intervene in the appeal to this court. The application was denied except that permission was granted to file a brief *amicus curiæ.* Thereafter the State Rent Administrator withdrew his appeal "as a matter of policy", and the petitioners were thereby prevented from having their contention with respect to decontrol considered by this court. The State Rent Administrator, in the remitted proceedings, and over the landlords' protest, vacated his previous

order holding the premises to have been decontrolled and established a maximum rent for the premises.

The petitioners then instituted the instant proceeding in which they sought a determination that the premises were decontrolled. The application was denied at Special Term on November 1, 1955 upon the ground that the previous order (dated Nov. 18, 1954) was " final and the law of the case ".

The rent laws enacted under the police powers of the State because the Legislature found that " a serious public emergency exists in * * * housing * * * in the state of New York " (State Residential Rent Law, § 1; L. 1946, ch. 274 as amd.) must be strictly construed, taking into regard the existing emergency, so as not to impair contractual rights and result in the confiscation of property without due process of law (see *Kilpatrick* v. *Argyle Co.*, 199 App. Div. 753, 757, GREENBAUM, J.; *Matter of McGrath [Bass]*, 186 Misc. 27, 31, WENZEL, J.).

By chapter 443 of the Laws of 1951 (State Residential Rent Law, § 2, subd. 2, par. [g]), the Legislature provided that controlled housing accommodations shall not include additional accommodations created as the result of conversion on or after February 1, 1947. A different criterion to attain decontrol was established by the enactment for housing accommodations similarly created after May 1, 1950. In the latter situations the provision is that such accommodations " shall continue to be subject to rent control * * * unless the commission issues an order decontrolling them ".

The respondent and the intervenor urged that the lack of additional bathroom facilities and the fact that at one time the smaller apartment was occupied by the intervenor's housekeeper justified the finding at Special Term that the premises were not decontrolled. The argument utterly disregards the decision of the Court of Appeals in the *Hutchins* case (307 N. Y. 78, 83) in which " except as to one apartment, none of the new units included a private bathroom." Moreover, to assume, as Special Term did, that the premises were not decontrolled because intervenor's housekeeper occupied the smaller apartment is to overlook the fact that when it was created it was leased in succession to two tenants who were in no way connected with the intervenor's household. Certainly a decision with respect to control or decontrol of housing accommodations cannot rest upon the relationship of those who occupy the premises. Neither statute nor regulation contains a provision creating such a standard.

In the *Hutchins* case (*supra*) the Court of Appeals clearly indicated that May 1, 1950, was the line of demarcation with respect to decontrol of additional housing accommodations. As

to those created before that time, no order of the Rent Commission was required. It was only with respect to conversions after May 1, 1950 that (p. 88) ''Requirements such as ' structural change ', ' substantial alterations ' and ' self-contained family unit ' apply ''. The court stated (p. 87): ''Accordingly, in the *Hutchins* proceedings, we conclude that under the provisions of the State Residential Rent Law, it is clear that the additional housing accommodations created by conversion on or after February 1, 1947, and before May 1, 1950, were decontrolled '', and (p. 88) '' The *only* statutory test is whether, between the crucial dates, any additional accommodations were created by conversion.''

It is manifest, therefore, that the subject premises were decontrolled by statute and no order of the commission was required. We should go one step further, and hold that since the additional accommodations were created between the effective dates of 1947 and 1950, the Rent Commission had no jurisdiction to act in the matter. To the same effect is *Matter of Lo Presti* v. *McGoldrick* (308 N. Y. 706) in which a two-room apartment without toilet facilities was held to be decontrolled by the statute and '' beyond the jurisdiction of the State Rent Administrator.''

In affirming the order of Special Term dated November 1, 1955, I must conclude that the majority approves the determination of the court below that the order of Special Term dated November 18, 1954, holding that the premises were not decontrolled, was '' final and the law of the case ''. I cannot agree. Special Term, as its opinion demonstrates, interpreted the facts as found by the Rent Commission and the law as stated in the *Hutchins* case differently than did the administrator. I do not consider that we are bound by an interpretation with respect to applicable law as distinguished from a factual finding. Assuming that the rule of '' the law of the case '' is binding upon courts exercising equal or similar jurisdiction or upon co-ordinate branches of the same court, it is not controlling upon an appellate court (see *Rufo* v. *Orlando,* 309 N. Y. 345, 352; *Gracie Square Realty Corp.* v. *Choice Realty Corp.,* 305 N. Y. 271, 278; *Rager* v. *McClosky,* 305 N. Y. 75, 78 and cases cited).

If the Special Term order dated November 18, 1954, be deemed *res judicata,* then the petitioners cannot be held to be bound by it. As heretofore indicated, they were not joined as parties by the intervenor in the article 78 proceeding which resulted in the order in question, nor did they seek to intervene at that time. While the petitioners did receive a notice from the commission advising them that the intervenor had commenced the proceed-

ing, such a notice should not be construed to fasten upon them the binding effect that a judicial determination imposes upon parties properly before the court. The petitioners should not be penalized for their failure to intervene at Special Term any more than the intervenor should be rewarded for her failure to include them as parties.

I do not believe that procedural roadblocks should be erected to create jurisdiction where none initially existed. Moreover, this court recently cut a procedural Gordian knot to give a tenant the opportunity to be heard (*Matter of Milner* v. *Abrams*, 1 A D 2d 883).

Under the statute as interpreted by the Court of Appeals, these premises were decontrolled and neither the Rent Commission nor the court could then or can now fix a maximum rent. The general rule is that lack of jurisdiction to render a judgment or determination may be asserted at any time. (*Matter of Doey* v. *Howland Co.*, 224 N. Y. 30, 38.) It appears to be settled law that where the only authority to entertain jurisdiction derives from a statute, there can be no acquisition of jurisdiction beyond the statutory mandate. A determination rendered where no jurisdiction exists is a nullity and will be so treated '' whenever called in question by either a direct or collateral attack '' (*Matter of Doey* v. *Howland Co., supra*, p. 38; see, also, *Risley* v. *Phenix Bank of City of N. Y.*, 83 N. Y. 318).

The order of Special Term should be reversed and the application to annul the order of the Rent Administrator fixing a maximum rent should be granted.

PECK, P. J., COX and VALENTE, JJ., concur in *Per Curiam* opinion; FRANK, J., dissents and votes to reverse in opinion.

Order affirmed, with $20 costs and disbursements to the respondents.