■ PATRICIA CONNER, Respondent, v. HELEN NIEMIEC, Appellant.— In an action to recover damages for alleged slander, defendant appeals from an order of the Supreme Court, Westchester County, entered September 21, 1965, which denied her motion to dismiss the complaint for failure to state a cause of action. Order affirmed, without costs. Defendant's time to answer is extended until 20 days after entry of the order hereon. In our opinion, defendant's alleged statement that "I'll call the cops to raid the apartment upstairs. I know what's going on up there and I'm not running a whorehouse" is actionable per se as an imputation of a crime involving moral turpitude (33 Am. Jur., Libel and Slander, § 30). Plaintiff's general allegation that the words spoken pertained to her is sufficient (CPLR 3016, subd. [a]). We need not pass on the sufficiency of plaintiff's other allegations of slander (*Rager* v. *McCloskey*, 305 N. Y. 75). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ ELI COPPER, Appellant, v. ADAMS PETROLEUM CORPORATION et al., Respondents.— In a negligence action to recover damages for injury to property resulting from a fire, plaintiff appeals from an order of the Supreme Court, Queens County, entered May 7, 1965, which denied his motion (1) to vacate a prior severance of the counterclaim of defendants Wecker and Levin and (2) to dismiss said counterclaim or, (3) in the alternative, to direct said defendants to accept a reply to said counterclaim. The severance had been ordered during trial of the action, which trial ended upon declaration of a mistrial. The ground for the severance was plaintiff's default in serving his reply. Order modified by amending its decretal paragraph so as (1) to grant the motion to the extent of (a) vacating the severance of the counterclaim, (b) directing defendants Wecker and Levin to accept plaintiff's reply and (c) restoring the counterclaim to the Trial Calendar for trial together with the primary action and (2) otherwise to deny the motion. As so modified, order affirmed, without costs. Plaintiff's time to serve a reply to the counterclaim is extended until 10 days after entry of the order hereon. In our opinion the record in this case discloses that the failure of plaintiff to reply to the counterclaim was not willful. Hence, he should be permitted to have his day in court on the issues raised therein. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ FRANK L. WALTON CORPORATION, Respondent-Appellant, v. ROTO AMERICAN CORPORATION, Appellant-Respondent.— In an action to recover on two promissory notes, (1) defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, entered November 5, 1965 as, on plaintiff's motion, dismissed defendant's two counterclaims and (2) plaintiff cross-appeals from so much of the order as denied its said motion insofar as it was for summary judgment. Order affirmed, insofar as appealed from by the respective parties, without costs. Defendant's time to serve an amended answer is extended until 20 days after entry of the order hereon. To avoid misinterpretaion of the order, we note that, in addition to the remaining defensive issue of lack of good faith, there is also present for trial the defensive issue of the authority of the corporate officer who executed and delivered the notes. That issue was raised in paragraph 8 of the answer and was not affected by the order appealed from, except insofar as it was left extant. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.