Richstone v Board of Mgrs. of Leighton House Condominium (2018 NY Slip Op 01171)





Richstone v Board of Mgrs. of Leighton House Condominium


2018 NY Slip Op 01171


Decided on February 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Andrias, Gesmer, JJ.


153126/14 5771 5770 5769 5768

[*1]Natalie Richstone, et al., Plaintiffs-Appellants,
v
The Board of Managers of Leighton House Condominium, Defendant-Respondent.


Barry A. Cozier, Bronx, for appellants.
Belkin Burden Wenig & Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.



Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 3, 2016, against plaintiffs, awarding defendant a sum of money, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered April 7, 2015 and on or about June 23, 2015, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from order, same court and Justice, entered April 21, 2016, unanimously dismissed, without costs, as abandoned.
Plaintiffs own a penthouse unit that has the exclusive use of the condominium's roof terrace, defined as a limited common element under the condominium's bylaws and declaration. To enable inspection and repair of a water leak affecting many units in the building, defendant installed construction rigging on the terrace. Plaintiffs assert a breach of contract claim based on defendant's building manager's alleged oral promise to them that the rigging would be removed by March 31, 2014, so that they could use the terrace from then through the end of October, and a trespass claim based on the rigging's interference with their use of the terrace after March 31, 2014.
The contract claim fails for lack of consideration. Plaintiffs were obligated under the bylaws and declaration to permit defendant access to the terrace to enable defendant to inspect and make necessary repairs to the building, and gave no additional consideration so as to bind defendant to the alleged oral promise. Plaintiffs' argument that the building's water leak was not an emergency and that therefore, under the bylaws, defendant's access to the terrace had to be at their convenience, is unavailing. Since there is no evidence that defendant left the rigging in place beyond March 31, 2014 in bad faith, its decision is entitled to judicial deference (see 40 W. 67th St. v Pullman, 100 NY2d 147, 153 [2003]). Indeed, the record reflects that multiple inspections revealed that the leaks were more extensive than had been anticipated and that two months of severe winter weather impeded defendant's progress on the repairs.
The trespass claim fails because, having given proper notice of its need for access, defendant did not require plaintiffs' permission to keep the rigging in place (see generally Rager v McCloskey, 305 NY 75, 79 [1953]). Moreover, as indicated, there is no evidence of bad faith in defendant's decision to do so (see 40 W. 67th St., 100 NY2d at 153). To the extent the trespass claim is based on plaintiffs' contention that the installed rigging damaged a wooden deck that they had erected on the terrace, it is unavailing, in view of the unrefuted evidence that plaintiffs installed the deck without defendant's approval, in violation of the condominium's governing documents, and without the requisite permit from the New York City Department of Buildings. Plaintiffs do not challenge the court's order that the deck be removed.
The condominium's bylaws provide that defendant is entitled to attorneys' fees incurred [*2]in connection with the abatement, enjoinment, removal or cure of any violation, breach or default committed by a unit owner. As plaintiffs' claims are related to defendant's successful counterclaims that plaintiffs wrongfully interfered with its right of access to the terrace to make necessary building repairs and to remove their improperly installed deck, defendant is entitled to its full attorneys' fees and costs expended in this action (see generally 41 Fifth Owners Corp. v 41 Fifth Equities Corp., 14 AD3d 386 [1st Dept 2005]).
Plaintiffs argue that defendant was improperly awarded expert engineering fees in connection with its further investigation of the deck after it learned that there had been no construction permit. We reject this argument in view of plaintiffs' relentless litigation of defendant's every step in correcting a leak condition and protecting the building and defendant's apparent purpose of ending the litigation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2018
CLERK