CLIFFORD CALLWOOD, Respondent, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.

BASTOW, J. (dissenting in part). I agree with the majority that the judgment appealed from must be reversed but I would order a new trial. Plaintiff has made out a prima facie case if we view the evidence, as we must, in the aspect most favorable to the plaintiff and give the plaintiff the benefit of every favorable inference which can reasonably be drawn from the evidence (*De Wald* v. *Seidenberg*, 297 N. Y. 335, 336). There is sufficient evidence in the record from which the jury could reasonably infer that the dripping of the water from the roof was a substantial factor in bringing about the ice condition on the sidewalk. The evidence of causal relation produced by the plaintiff was not "incredible as matter of law." (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245.) A prima facie case has been made out by the plaintiff and the weighing of all the evidence, including a consideration of the credibility of plaintiff and his witnesses, is for the jury. Under these circumstances, the power of

this court is limited to the ordering of a new trial. (*Sagorsky* v. *Malyon,* 307 N. Y. 584, 586.)

The judgment appealed from should be reversed and a new trial granted.

Peck, P. J., Cohn and Rabin, JJ., concur in decision; Bastow, J., dissents in part in opinion.

Judgment reversed, with costs, the complaint dismissed and judgment is directed to be entered in favor of the defendant dismissing the complaint herein, with costs, upon the ground that plaintiff failed to establish actionable negligence on the part of the defendant. There was no credible evidence which established any causal relation between the alleged dripping water from the roof and the ice on the sidewalk. Settle order on notice.