## Second Department, February, 1970

### (February 2, 1970)

◼ Adelphi Enterprises, Inc., Respondent, v. Mirpa, Inc., et al., Appellants, et al., Defendant.— In an action to recover damages for breach of contract, defendants Mirpa, Inc., and William Miranthopolous appeal from an order of Supreme Court Nassau County, entered June 11, 1969, which granted plaintiff's motion to vacate an order staying the action pending arbitration. Order reversed, on the law and the facts, with $10 costs and disbursements; plaintiff's motion denied; order granting stay reinstated; and plaintiff is directed to proceed only by arbitration. Plaintiff and appellants entered into a contract for the installation of cigarette vending machines. A clause in the contract provided that " Any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by one arbitrator designated by the American Arbitration Association in accordance with the rules then obtaining of the American Arbitration Association of New York". However, plaintiff brought this action for breach of the contract and appellants then moved to stay the action, pending arbitration. The motion was granted and an order [hereinafter called order number one] was made by Special Term staying the action and directing that the parties proceed to arbitration. The order further provided that " In the event the defendants herein, who are seeking arbitration, unreasonably delay in proceeding, then leave is granted to plaintiff to move to vacate the stay herein." No appeal was taken from that order. Appellants moved to resettle the order, but the motion was denied. Appellants then notified plaintiff that they had no dispute with plaintiff but were ready to defend any arbitration proceeding instituted by plaintiff if it felt there was an issue between them. Subsequently plaintiff moved to vacate the stay. Special Term granted the motion by the order from which the instant appeal was taken [hereinafter called order number two]. Plaintiff contends that we can only review order number two and cannot review the propriety of order number one. It may be true that order number one was the law of the case with respect to courts of co-ordinate jurisdiction. However, the effect of the law of the case does not apply in a court which is required to review the later order on appeal (*Walker* v. *Gerli,* 257 App. Div. 249; *Rager* v. *McCloskey,* 305 N. Y. 75, 78; 10 Carmody-Wait 2d, N. Y. Practice, § 70:406). In any event, the circumstances of this case are such that a review of the second order necessarily encompasses a review of the propriety of the first order. Order number one was correct to the extent that Special Term ordered a stay of the action and directed that the parties proceed to arbitration. However, the court had no power to grant leave to move to vacate the stay if defendants unreasonably delayed in initiating an arbitration proceeding. The power of the court is limited to staying the action and carrying out the terms of the contract by directing that the parties proceed to arbitration (CPLR 7503, subd. [a]; *Matter of Exercycle Corp. [Maratta]*, 9 N Y 2d 329; *Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.]*, 11 N Y 2d 128). A court does not have the power to allow an action at law upon a contract to proceed when the parties have provided by the contract that the exclusive remedy for any dispute that may arise thereunder is settlement by an arbitration proceeding. A court does not even have the power to allow such action to proceed when the complaining party has been permanently enjoined from initiating an arbitration proceeding. To do so would amount to a waiver by the court, on behalf of the other parties, of their contractual right to settle disputes by an arbitration proceeding (*Matter of River*

*Brand Rice Mills* v. *Latrobe Brewing Co.*, 305 N. Y. 36). Furthermore, the order was improper in directing that defendants initiate the arbitration proceeding when plaintiff, not defendants, believed there was a dispute requiring resolution. It was plaintiff who commenced the action at law and sought the resolution of a dispute which it thought existed. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.