■ In the Matter of JOSEPH ROMANCHUK, Appellant, v. COUNTY OF WESTCHESTER et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to compel respondents to furnish petitioner with a copy of reports, records, photographs and documents in connection with an investigation made by the Westchester County Parkway Police as to a certain accident, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered February 7, 1973, which granted respondents' motion to dismiss the petition upon an objection in point of law. Judgment reversed, on the law, with $20 costs and disbursements, respondents' motion denied, petition granted and respondents are directed to furnish petitioner with the material requested in this proceeding. Petitioner's infant son was injured in a park in Westchester County when the sled he was on allegedly collided with a county vehicle. Both petitioner and his son brought suit for damages against the county and others. Prior to trial petitioner, as plaintiff, caused a subpoena duces tecum to be issued requiring the Westchester County Parkway Police to furnish him with copies of the records, photographs and other documents which comprised the file of the police department's investigation of the accident. Upon application to Special Term in Westchester County by those served with the subpoena, the subpoena was quashed, except as to "aided card", by an order dated February 2, 1968. Petitioner never appealed from that order and proceeded to trial. Following a judgment in defendants' favor upon a jury verdict in that action, we heard an appeal by plaintiffs therein and reversed the judgment on certain legal grounds and in the interests of justice and directed that a new trial be held (*Romanchuk* v. *County of Westchester,* 40 A D 2d 877). Thereafter, petitioner made proper application for copies of the police records, but was furnished with only a copy of the police aided card which Special Term in 1968 had specifically ruled was discoverable. He then instituted the present proceeding, claiming in part that he was seeking to require respondents to provide him with the records for which he had duly applied and paid the appropriate fee and contending that the aided card cannot seriously be contended to comprise the entire file. Special Term dismissed the petition, the Justice presiding holding that he was bound by the unappealed 1968 Special Term order and that he could not, having co-ordinate jurisdiction with the Justice who made the 1968 order, make a contrary ruling. On this appeal petitioner contends that we are not bound by the prior unappealed 1968 order of Special Term. We agree and, accordingly, we have considered petitioner's claim on its merits (see *Ansorge* v. *Kane,* 244 N. Y. 395; *Adelphi Enterprises* v. *Mirpa, Inc.,* 33 A D 2d 1019). In making the 1968 order, Special Term specifically held that the matter sought to be subpoenaed was privileged in that it had been prepared for litigation and hence not discoverable under CPLR 3101 (subd. [d]) and, in addition, that it was not such as falls within the purview of section 66-a of the Public Officers Law. We disagree with both rulings and hold to the contrary. First, the material was gathered by the public police department. Logically, therefore, the material which comprised the Police Department's investigation file of the accident could not be material prepared solely for litigation as contemplated by CPLR 3101 (subd. [d]). Furthermore, section 66-a of the Public Officers Law, which makes such police accident files public records and freely obtainable by concerned persons, except under certain conditions not present at bar, is operative "notwithstanding any inconsistent provisions of law, general, special or local, or any limitation con-

tained in the provision of any city charter". Such being the case, and since we hold that the subject material comes within the purview of that section, even if we were to assume that the material was in fact material prepared for litigation, it would still be discoverable under this provision of the Public Officers Law. Rabin, P. J., Munder, Latham, Shapiro and Gulotta, JJ., concur.