(March 25, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v XAVIER GRANT, Also Known as XAVIER GANT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 24, 1975, convicting him of manslaughter in the first degree, and sentencing him to an indeterminate period of imprisonment with a maximum of 15 years. Judgment modified, on the law and as a matter of discretion in the interest of justice, by reducing the conviction to one of manslaughter in the second degree and reducing the sentence to the time already served. As so modified, judgment affirmed. Upon the argument of this appeal, the District Attorney requested that the charge be reduced to manslaughter in the second degree. The defendant joined in this request upon condition that the sentence imposed be reduced to time served. The District Attorney consented to this reduction of the sentence. Upon examination of the record, this court finds ample basis for the positions taken by counsel on this appeal, and acquiesces therein. It is noted that defendant has been incarcerated for a period of approximately six years. Accordingly, the judgment has been modified as hereinbefore indicated. Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.

(March 28, 1977)

■ STEPHANIE L. BECKER, Respondent, v MICHAEL L. BECKER, Appellant. —Appeal by the defendant husband from an order of the Supreme Court, Westchester County, dated October 27, 1976, which, upon plaintiff's motion, *inter alia,* to modify the terms of a certain stipulation entered into between the parties, *inter alia,* interpreted certain provisions of the stipulation as requiring him to pay plaintiff one third of his gross earnings "when and as received". Order affirmed, with $50 costs and disbursements. While it may be true that the order dated June 29, 1976 was the law of the case with respect to courts of co-ordinate jurisdiction, the doctrine of the law of the case does not apply to a court which, as here, is required to review the later order on an appeal *(Adelphi Enterprises v Mirpa, Inc.,* 33 AD2d 1019; *Matter of Romanchuk v County of Westchester,* 42 AD2d 783). We believe that Special Term correctly interpreted the language of the stipulation in question in its order dated October 27, 1976. We note that the defendant remains liable for alimony payments based upon one third of his gross commissions earned and received from the date of the stipulation. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.