■ SUSQUEHANNA VALLEY CENTRAL SCHOOL DISTRICT AT CONKLIN, Appellant, v SUSQUEHANNA VALLEY TEACHERS' ASSOCIATION et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Kuhnen, J.), entered April 7, 1983 in Broome County, which denied plaintiff's motions for a preliminary injunction and summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered October 25, 1983 in Broome County, which denied plaintiff's motion to renew or reargue its prior motions. ¶ In 1975, defendant Susquehanna Valley Teachers' Association filed a grievance pursuant to a collective bargaining agreement executed by it and plaintiff. Arbitration was subsequently demanded and a hearing conducted in December, 1975. The arbitrator decided that the arbitration should be deferred pending the outcome of an appeal of a CPLR article 78 proceeding involving similar issues between plaintiff and defendant Eugene F. Clayton, a member of the teachers' association. The arbitrator's decision specifically stated that he retained jurisdiction over the matter pending the results of that appeal. ¶ The appeal eventually concluded in October, 1981 and thereafter, in January, 1982, the teachers' association demanded a resumption of the arbitration proceedings. In June, 1982, plaintiff commenced the present action to permanently enjoin defendants from pursuing arbitration upon the ground that they had abandoned it. Plaintiff then moved for summary judgment and defendants cross-moved to dismiss the complaint. Special Term granted defendants' cross motion and this appeal by plaintiff ensued. ¶ The first issue considered by Special Term was the propriety of plaintiff's action. Defendants contended that once arbitration has begun, a party contesting the validity of that forum has judicial recourse solely through a stay of arbitration pursuant to CPLR article 75. Relying upon *Zaubler v Castro* (23 AD2d 877), Special Term concluded that the merits of the action could be considered by the court. That reliance is misplaced. The court in *Zaubler* dismissed a legal action as being abandoned but did not interfere with arbitration. It is well-settled law that, except to rule upon a preliminary application to compel or stay arbitration pursuant to CPLR 7503, the court is without authority to become involved in the arbitration process until the conclusion of the proceeding (*Matter of Nationwide Mut. Ins. Co.* [*Miller*], 95 AD2d 961; *Matter of Spychalski* [*Continental Ins. Cos.*], 58 AD2d 193, affd 45 NY2d 847; see, also, *Matter of Reynolds v Boston Old Colony Ins. Co.*, 83 AD2d 842). Simply because plaintiff has characterized its action as one for a permanent injunction, the court gains no greater authority than that granted by statute. Arbitration in this instance is a matter of contractual agreement. The participants have selected their forum. The court's participation in the process is limited to the provisions contained in CPLR article 75 (Siegel, NY Prac, § 586, pp 826-830). The arbitration proceedings have been commenced. All decisions must now be made by the arbitrator, subject to applications pursuant to CPLR 7510 and 7511 after the award. The only responsibility of the court in

the interim would be to make a determination of an application pursuant to CPLR 7506 (subd [b]) to direct the arbitrator to proceed promptly. No such application was made by any party. ¶ Because the complaint must be dismissed for these reasons, not relied upon by Special Term, we do not address the other issues raised and affirm the orders being appealed. ¶ Orders affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.