■ In the Matter of SIDNEY L. HOROWITZ, Respondent, v MILTON PITTERMAN, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Supreme Court erred in determining the merits of respondent's claim, which is presently before an arbitrator, that the partnership agreement was invalid and unenforceable. Because respondent failed to apply for a stay of arbitration within 20 days after service of the notice of intention to arbitrate, he was barred from seeking judicial intervention in the arbitration proceeding *(see, Dra-Po Constr. Co. v Riso & Sons Co.,* 149 AD2d 651, 652; *Matter of Allstate Ins. Co. [Jones-Barnett],* 143 AD2d 570). At that juncture Supreme Court was without authority to become involved in the arbitration proceeding until the matter had concluded *(see, Susquehanna Val. Cent. School Dist. v Susquehanna Val. Teachers' Assn.,* 101 AD2d 933, *lv dismissed* 63 NY2d 610). Consequently, it was impermissible for Supreme Court to "express any view as to 'whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute'. (CPLR 7501.)" *(Matter of Spychalski [Continental Ins. Cos.],* 45 NY2d 847, 849.) Accordingly, we modify Supreme Court's order by deleting the second ordering paragraph. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Injunctive Relief.) Present—Callahan, J. P., Boomer, Lawton and Davis, JJ.