■ KATHERINE GIOTTO, Respondent, v CHARLES A. GAETANO et al., Doing Business as CORNEL ASSOCIATES, Appellants.—

Order reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff brought this action to recover damages for personal injuries sustained when she slipped and fell on snow that had accumulated on a public sidewalk abutting defendants' premises. Supreme Court should have granted defendants' motion for summary judgment dismissing the complaint. In the absence of explicit language in a statute, charter, or ordinance imposing liability upon the abutting property owner for injuries to a pedestrian, the abutting property owner is not liable for the failure to remove ice or snow from a public sidewalk (*Roark v Hunting,* 24 NY2d 470, 475; *Giangotti v Grauer,* 158 AD2d 968). Plaintiff has not cited any provision of law that would impose liability upon defendants for failure to remove snow or ice from the public sidewalk. Although an abutting property owner may be liable to a pedestrian if the owner creates the defective condition (*see, Palazzo v S.P.H.E. Real Estate,* 105 AD2d 1017), the undisputed proof submitted by defendants in support of the motion shows that defendants did not create the condition that caused plaintiff to fall.

All concur, except Callahan, J. P., who dissents and votes to affirm. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ.