Benjamin D. COLLINS, Plaintiff,

v.

AMERICAN DRUG STORES, INC.
d/b/a Osco Drug, Defendant.

No. 94–2176–JWL.

United States District Court,
D. Kansas.

Feb. 15, 1995.

George E. Mallon, George E. Mallon, P.A., Kansas City, KS, for plaintiff.

Hal D. Meltzer, Gregory G. Schultz, Turner & Boisseau, Chartered, Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction

This is a negligence case in which plaintiff slipped and fell on an icy public sidewalk located on the west side of defendant's premises. The matter is currently before the court on defendant's motion for summary judgment (Doc. # 19). Defendant argues that it is entitled to summary judgment because, under the facts of this case, it had no legal duty to clear the ice from the public sidewalk where plaintiff slipped and fell. The court agrees and, for the reasons set forth below, defendant's motion for summary judgment is granted.

### II. Factual Background

The following facts are either uncontroverted by the parties or, where necessary, are interpreted in a light most favorable to the plaintiff.

Plaintiff's accident occurred on January 2, 1993. On that day, plaintiff's wife drove him to the Osco drug store located at the corner of 10th and Minnesota in Kansas City, Kansas. Plaintiff's wife drove up to the curb near some parking meters on 10th Street at

the intersection of 10th and Minnesota. Plaintiff got out of the car, took several steps, and slipped and fell on some ice which had not been cleared from the sidewalk on the west side of defendant's premises. The location where plaintiff fell was a public sidewalk adjacent to defendant's premises. When plaintiff fell he was on the public sidewalk, and was at least 10 to 12 feet from the entrance to the drug store. The ice which had accumulated on the sidewalk had formed naturally as the result of a winter storm and was not created in any manner by actions of the defendant. The ice was created as the result of an ice storm that had ended at approximately 11:00 a.m. and plaintiff's accident occurred at approximately 1:00 p.m. on that same day. The City of Kansas City, Kansas has no municipal code or ordinance that imposes a duty on landowners to remove ice or snow from public sidewalks abutting their property.[1]

### III. Summary Judgment Standards

 Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *Anthony v. United States,* 987 F.2d 670, 672 (10th Cir.1993). The court views the evidence and draws any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir.1991). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 533 (10th Cir.1994) (citing *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

### IV. Discussion

 To recover for negligence, the plaintiff must prove that defendant had a duty to plaintiff, that defendant breached that duty, that defendant's breach of its duty caused plaintiff's injury, and that plaintiff has incurred damages. *See Durflinger v. Artiles,* 234 Kan. 484, 673 P.2d 86 (1983). Actionable negligence must be based on the breach of a duty. *Id.* at 488, 673 P.2d 86. Whether a duty exists is a question of law. *Id.*

Plaintiff claims that defendant had a duty to remove any natural accumulation of snow and ice that occurred on the public sidewalk abutting its property within a reasonable time following the storm. Defendant contends that, under the law of Kansas, it did not have a duty to remove natural accumulations of ice or snow that existed on the public sidewalk abutting its property. This court concludes that, if faced with the question, the Kansas Supreme Court would agree with the defendant, which is a position consistent with the overwhelming majority rule.

There are two Kansas cases that have addressed the liability of a property owner for injuries sustained by a plaintiff who slipped and fell on ice or snow on a public sidewalk abutting the property owner's premises. The first of these was *Madison v. Key Work Clothes, Inc.,* 182 Kan. 186, 318 P.2d 991 (1957). In *Madison,* the plaintiff was an employee of the defendant and had been continuously so employed for about five years. The plaintiff operated a sewing machine in the making of clothing in the defendant's factory in Fort Scott, Kansas. On the morning of January 24, 1956, when the plaintiff walked to the defendant's factory from her home, a block and a half away, it was snowing. It had snowed in the night and the storm had continued, causing the ground to be covered with ice and snow. *Id.* at 187, 318 P.2d 991.

---

1. K.S.A. § 12–808 provides that a property owner has a duty to keep the sidewalks abutting his land in repair. However, the statute imposes a duty only to the city, not individuals, and does not create a private cause of action. *See Harris v. McConnell,* 194 Kan. 800, 401 P.2d 908 (1965).

The defendant's factory faced south on Wall Street in Fort Scott. In order to enter the factory on her way to work, the plaintiff had to cross Wall Street. After crossing the street, she had to cross a public sidewalk abutting the south side of the factory. While crossing the sidewalk the plaintiff slipped and fell and suffered broken bones in her leg and hip. The sidewalk was adjacent to the south wall of defendant's factory and was 11 feet 5¾ inches wide from the curb of the street to the wall. *Id.*

*Madison* was a worker's compensation case in which the court had to determine whether the injuries to the plaintiff arose out of and in the course of her employment. The court found that under the worker's compensation statutes, where an employee sustains injuries occurring while she is on her way to assume the duties of her employment, the proximate cause of which is the employer's negligence, they are injuries arising out of and in the course of employment. Thus, the question for the court was whether there was negligence on the part of defendant that was the cause of plaintiff's injuries. *Id.* at 192, 318 P.2d 991.

The *Madison* court affirmed the trial court's finding that the defendant was not negligent. The court stated that "[a]s a general rule there is no absolute duty to keep public sidewalks free from ice or snow at all times. Where the precipitation is recent or continuous, the duty to remove such obstruction as it forms cannot be imposed, and the dangers arising therefrom are viewed as the normal hazards of life, for which no owner or person in possession of the property is held responsible." *Id.* at 193, 318 P.2d 991.

Although this court finds the *Madison* decision instructive on the issue of a property owner's duty to remove naturally accumulated snow and ice from an abutting public sidewalk, it is factually distinguishable from the present case. In finding that the defendant did not breach any duty by failing to keep the public sidewalk abutting its property clear of ice and snow, the *Madison* court relied on the fact that it was snowing before, during and after the time of plaintiff's accident. *Id.* at 193, 318 P.2d 991. Thus, *Madison* clearly stands for the proposition that a property owner has no duty to keep an abutting sidewalk clear of naturally accumulating ice and snow while a storm is in progress. Such a rule makes perfect sense, as a contrary finding would create nearly an impossible burden on landowners with abutting public sidewalks. However, *Madison* does not discuss, and leaves open the question of, whether a property owner may have a duty to clear naturally accumulated ice and snow from an abutting public sidewalk at some point after the storm which created the ice and snow ends.

This court finds the question of whether such a duty exists was answered, in the negative, by the decision of the Kansas Court of Appeals in *Wilson v. Goodland State Bank,* 5 Kan.App.2d 36, 611 P.2d 171 (1980). In that case, the plaintiff was injured while on her way to work. She had parked her car in front of the defendant's bank building, which was on the same side of the street as plaintiff's place of employment. After parking her car, the plaintiff walked across the driveway in front of the bank building. The driveway had been constructed across the sidewalk to allow access for automobiles by the bank's patrons using its drive-up facility. As the plaintiff walked on this slanted ramp portion of the sidewalk, she fell on a patch of ice and broke her leg. *Id.* at 36, 611 P.2d 171.

The *Wilson* court upheld the trial court's granting of a directed verdict, stating as follows:

The general rule in Kansas is that an abutting property owner has no duty to keep public sidewalks free from ice and snow at all times. *Madison v. Key Work Clothes,* 182 Kan. 186, 193, 318 P.2d 991 (1957). Some jurisdictions, while recognizing the above rule, find an exception where ice does not come from natural sources, but rather is artificially created by accumulation and discharge of water from the landowner's property which causes a hazardous condition. *See Lenz v. City of Minneapolis,* 283 Minn. 180, 183, 167 N.W.2d 22 (1969). *Accord, Pritchard v. Mabrey,* 358 Mass. 137, 260 N.E.2d 712 (1970); *Strandness v. Montgomery Ward,* 199 N.W.2d 690 (N.D.1972).

Appellant cannot avail herself of these authorities because she has made no showing that the ice she slipped upon was the result of the bank allowing water to accumulate or be discharged.

The evidence in this case is insufficient as there must be a causal relationship established between the discharge of the water and the formation of the ice. *See Lattimer v. Frese*, 246 N.W.2d 255 (Iowa 1976); *Callwood v. Consolidated Edison Co. of New York*, 286 App.Div. 838, 142 N.Y.S.2d 290 (1955); and *Jefferson v. L'Heureux*, 293 Mass. 490, 200 N.E. 355 (1936).

*Id.*, 5 Kan.App.2d at 37, 611 P.2d 171.

The *Wilson* court found that plaintiff's testimony was not sufficient to support an inference that the water came from the bank building, especially in view of testimony by ambulance attendants that there was patchy ice all over the city from melted and refrozen snow. The court found that the trial court was correct in concluding that there was no evidence of a causal connection between the water dripping off the bank building and the icy sidewalk and therefore affirmed the trial court's granting of a directed verdict. *Id.* at 38, 611 P.2d 171.

■ This court concludes that *Wilson* stands for the proposition that a property owner has a duty to clear an abutting public sidewalk of ice and snow only in those situations in which actions of the defendant itself have caused an artificial accumulation of ice and snow to develop, and that no duty is owed to remove natural accumulations of ice and snow. It is significant, in arriving at this determination, that the court in *Wilson* treated the question of whether actions by the defendant had artificially created the icy condition which caused plaintiff to fall as determinative on the issue of defendant's negligence. *Id.* at 37, 611 P.2d 171. Furthermore, the cases from other jurisdictions cited by the court in *Wilson* universally stand for the proposition that an owner or occupant of property abutting a public sidewalk owes no duty to pedestrians to keep the sidewalk safe from hazards of ice and snow which have naturally accumulated thereon. *Id.* at 37, 611 P.2d 171.

In his response, plaintiff contends that the Kansas cases of *Jones v. Hansen*, 254 Kan. 499, 867 P.2d 303 (1994) and *Agnew v. Dillons, Inc.*, 16 Kan.App.2d 298, 822 P.2d 1049 (1991), combined with language contained in 62A Am.Jur.2d, Premises Liability § 650 (1990), should operate to create a duty in Kansas for property owners to remove naturally accumulated snow and ice from abutting public sidewalks. The court finds this argument unpersuasive. *Jones* merely eliminated common law distinctions between an owner's duty of care depending on whether the plaintiff was an invitee or licensee. Here the plaintiff was not on defendant's premises at all and the *Jones* case does not give any guidance as to whether a duty is owed under the facts present in this case. Similarly, the *Agnew* case does not give any guidance concerning the issue in this case because *Agnew* dealt with a property owner's liability as regards outdoor surfaces of a business premise. In *Agnew*, the plaintiff was injured when he fell on an exterior ramp leading up to the entrance to the Dillons store which the defendant had covered with a red carpet mat. The area where the plaintiff fell was an area clearly under the control of the defendant store, and the court applied the general rule that a proprietor must use ordinary care to keep those portions of the premises which can be expected to be used by business invitees in a reasonably safe condition. *Agnew*, 16 Kan.App.2d at 300, 822 P.2d 1049. This court finds *Agnew*, which dealt with the duty of a property owner regarding outdoor surfaces of its own premises, distinguishable from the present case, which involves the duty of a property owner as regards an abutting public sidewalk.

The plaintiff's reliance on language contained in 62A Am.Jur.2d, Premises Liability § 650 is also misplaced. That section deals with liability for defects and hazards in grounds and exterior structures. In fact, 62A Am.Jur.2d Premises Liability Sections 699–720 disclose that the general rules of liability for snow and ice causing hazardous conditions are contrary to the plaintiff's position. Section 699 specifically states the general rule that the owner of premises, in the absence of a statutory provision to the con-

trary, has no liability for natural accumulations of ice and snow on public sidewalks outside the premises. That statement of the general rule is consistent with decisions from the vast majority of jurisdictions. *See generally* Annotation, Liability of Abutting Owner or Occupant for Condition of Sidewalk, 88 A.L.R.2d (1963 & Supps.1979 & 1987) (especially cases collected in sections 3 and 19); *Morrow v. Boldt,* 203 Mich.App. 324, 512 N.W.2d 83 (1994); *Giotto v. Gaetano,* 178 A.D.2d 978, 578 N.Y.S.2d 320 (4 Dept.1991) *citing Roark v. Hunting,* 24 N.Y.2d 470, 248 N.E.2d 896, 301 N.Y.S.2d 59 (1969); *Endsley v. Harrisburg Medical Center,* 209 Ill.App.3d 908, 568 N.E.2d 470, 154 Ill.Dec. 470 (5 Dist. 1991); *Martin v. Altman,* 568 A.2d 1031 (R.I.1990); *Bittle v. Brunetti,* 750 P.2d 49 (Colo., 1988); *Lopatkovich v. City of Tiffin,* 28 Ohio St.3d 204, 503 N.E.2d 154 (1986); *Gamere v. 236 Commonwealth Avenue Condominium Association,* 19 Mass.App.Ct. 359, 474 N.E.2d 1135 (1985); *Budahl v. Gordon and David Associates,* 323 N.W.2d 853 (S.D. 1982); and *Hirschauer v. C & E Shoe Jobbers, Inc.,* 436 N.E.2d 107 (Ind.App. 4 Dist. 1982).

■ In summary, the court, relying on *Wilson v. Goodland State Bank* 5 Kan. App.2d 36, 611 P.2d 171 (1980), as well as its analysis of other pertinent authority, finds that Kansas follows the majority rule that a property owner, absent a statutory provision to the contrary, owes no duty to persons to keep abutting public sidewalks free from natural accumulations of ice and snow. Because the plaintiff has produced no evidence in this case that the ice upon which he fell was the result of anything other than a natural accumulation, defendant's motion for summary judgment is granted.

*V. Conclusion*

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** defendant's motion for summary judgment (Doc. # 19) is granted.

**IT IS SO ORDERED.**