■ JEROME D. GREENWALD, Respondent, v AARON GREENWALD, Appellant. [757 NYS2d 883] —In an action, inter alia, to remove the defendant as director of a closely-held corporation, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Mason, J.), dated May 6, 2002, as granted that branch of the plaintiff's motion which was to temporarily stay his original demand for arbitration pending determination of the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to temporarily stay the original demand for arbitration is denied.

This action arises out of a dispute between two brothers who are equal shareholders and directors of a closely-held corporation. On September 24, 2001, the appellant, Aaron Greenwald, sought arbitration pursuant to an arbitration provision of the *corporation's* shareholder agreement. On November 8, 2001, the plaintiff, Jerome David Greenwald, answered the demand for arbitration and counterclaimed. Thereafter, the appellant submitted a supplemental demand for

arbitration. It is undisputed that the plaintiff paid a $3,250 fee to the American Arbitration Association (hereinafter the AAA) and that the parties discussed the selection of arbitrators several times with the AAA.

On December 17, 2001, the plaintiff moved for a stay of arbitration. The Supreme Court permanently stayed arbitration of the plaintiff's counterclaim and the appellant's supplemental claim, as both parties conceded that the counterclaim and supplemental claim were not subject to an agreement between the parties to arbitrate. The court also temporarily stayed the arbitration with respect to the appellant's original demand for arbitration pending the outcome of the trial in this action, inter alia, to remove the appellant as director, which the plaintiff commenced at the same time he made the motion. We reverse.

The Supreme Court erred in granting that branch of the motion which was to temporarily stay the original demand for arbitration as the plaintiff's participation in the arbitration process manifested a preference clearly inconsistent with his present effort to stay arbitration (*see* CPLR 7503 [b]; *Matter of Tucker Anthony, Inc. v Blunt, Ellis & Loew,* 260 AD2d 386 [1999]; *Matter of Allstate Ins. Co. v Khait,* 227 AD2d 551 [1996]; *Matter of Carbone / Orrino Agency [Carbone],* 210 AD2d 221 [1994]).

In light of the foregoing, the parties' remaining contentions need not be reached. Florio, J.P., H. Miller, Adams and Mastro, JJ., concur.