■ In the Matter of 1210 COLVIN AVENUE, INC., Respondent, v TOPS MARKETS, LLC, Appellant. [816 NYS2d 639]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski J.), entered January 10, 2005 in a special proceeding pursuant to CPLR 7502 (a). The order granted the petition and denied respondent's motion to dismiss the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this special proceeding pursuant to CPLR 7502 (a) seeking a permanent stay of arbitration on the ground that there is no agreement between the parties that would entitle respondent to demand arbitration (*see* CPLR 7503 [b]). Supreme Court properly granted the petition and denied respondent's motion to dismiss the petition. The parties entered into agreements pursuant to which respondent licensed petitioner to operate three retail grocery stores under the B-Kwik name. They also entered into bookkeeping agreements for each store location pursuant to which respondent would provide certain bookkeeping and administrative services for an annual fee to be calculated based on the stores' annual gross sales. Each bookkeeping agreement provided that, if petitioner disputed any of those fees, petitioner would "have the right to submit the dispute to arbitration."

Contrary to respondent's contention, the court did not err in reaching the issue whether respondent was entitled to seek arbitration pursuant to the bookkeeping agreements. It is well settled that the issue whether the parties have made a valid

agreement to arbitrate is to be determined by the court (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 6-7 [1980]; *Matter of City of Watertown v Watertown Firefighters, Local 191*, 6 AD3d 1095 [2004]; *see generally Gerling Global Reins. Corp. v Home Ins. Co.*, 302 AD2d 118, 126 [2002], *lv denied* 99 NY2d 511 [2003]). Having properly reached that issue, the court properly determined that, pursuant to the unambiguous provision in the respective bookkeeping agreements, only petitioner had the right to initiate arbitration, and the court properly determined that those agreements must be enforced according to their terms (*see Uribe v Merchants Bank of N.Y.*, 91 NY2d 336, 341 [1998]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). We reject the contention of respondent that it is impliedly authorized to seek arbitration based upon established principles of contract interpretation, including the principle of reciprocal promises and remedies. "Mutuality of remedy is not required in arbitration [agreements]," and it therefore is permissible to afford the remedy of arbitration to only one party to an agreement (*Sablosky v Gordon Co.*, 73 NY2d 133, 137 [1989]). We further reject respondent's contention that, in accordance with CPLR 7503 (b), petitioner waived its right to seek a stay of arbitration in view of its demand for and participation in arbitration in connection with litigation commenced by petitioner in federal court. After petitioner and respondent each filed demands for arbitration, they entered into a stipulation pursuant to which respondent agreed that the preliminary processing by petitioner of the arbitration commenced by respondent would not waive any claim by petitioner that respondent's arbitration was improperly commenced or involved issues that are not arbitrable. In view of that stipulation, respondent will not be heard to contend that petitioner waived its right to seek the instant stay of arbitration on those grounds (*cf. Greenwald v Greenwald*, 304 AD2d 790, 791 [2003]; *Matter of Allstate Ins. Co. v Khait*, 227 AD2d 551 [1996]). We have examined respondent's remaining contention and conclude that it is lacking in merit. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Pine, JJ.