■ DASH & SONS, INC., Respondent, v TOPS MARKETS, LLC, Appellant. [817 NYS2d 465]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered January 10, 2005. The order denied defendant's motion seeking dismissal of the complaint or, alternatively, to stay the action and to compel arbitration and granted plaintiff's motion seeking a permanent stay of arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that defendant wrongfully refused to pay to plaintiff a sum in excess of $1.3 million, representing the amount held in an account allegedly owned by plaintiff and held by defendant "pursuant to a debtor/creditor relationship of the parties." According to plaintiff, the account "no longer needs to be maintained to meet any payables or other obligations of [plaintiff] regarding any retail grocery operations" because plaintiff has sold its retail grocery stores to defendant. Supreme Court properly denied defendant's motion seeking dismissal of the complaint or, alternatively, to stay the action and to compel arbitration, and

instead properly granted plaintiff's motion seeking a permanent stay of arbitration.

It is well settled that the issue whether the parties have a valid agreement to arbitrate is to be determined by the court (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 6-7 [1980]; *Matter of 1210 Colvin Ave., Inc. v Tops Mkts., LLC*, 30 AD3d 995 [2006]). Here, there is no valid agreement to arbitrate because, pursuant to the express terms of the parties' bookkeeping agreements containing the arbitration clauses at issue, the agreements expired in January 1996. Contrary to defendant's contention, the fact that the parties continued to act in accordance with some of the terms of the agreements does not establish that the agreements were extended beyond January 1996. "Although the conduct of the parties subsequent to the expiration of [the agreements] may be construed to imply an agreement to extend some of the provisions of the expired [agreements], it may not, in the absence of a clearly expressed intention to renew the arbitration provision, bind a party to arbitrate" (*Donnkenny Apparel v Lee*, 291 AD2d 224, 224-225 [2002]; *see Matter of Waldron [Goddess]*, 61 NY2d 181, 185 [1984]).

Even assuming, arguendo, that the bookkeeping agreements remained in effect, we conclude that the instant dispute does not come within the scope of their arbitration clauses. The arbitration clauses are limited to disputes raised by plaintiff concerning account charges made by defendant under the bookkeeping agreements. The arbitration clauses address only charges made to the "code accounts" of plaintiff as an "Operator," but plaintiff ceased to be an "Operator" as of July 2001, when it sold the stores to defendant. This action concerns the funds remaining in plaintiff's code accounts after the sale of plaintiff's assets to defendant, which funds were placed in a separate account in January 2003. Because this action does not concern the operation of plaintiff's stores or account charges made in connection therewith, this action does not fall within the scope of the arbitration clauses.

Defendant further contends that it is entitled to aggregate the accounts of plaintiff and 1210 Colvin Avenue, Inc. (Colvin), an allegedly related company with whom defendant had entered into identical bookkeeping agreements (*see 1210 Colvin Ave., Inc.*, 30 AD3d 995), for the purpose of offsetting Colvin's negative balance with plaintiff's funds. We note, however, that defendant has failed to establish that plaintiff dominated Colvin to such a degree as to require plaintiff to be accountable for Colvin's deficit or as to compel plaintiff to submit to arbitration in accor-

dance with the arbitration clauses in Colvin's bookkeeping agreements. At most, defendant established only some inter-relatedness between plaintiff and Colvin (*see generally TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339-340 [1998]).

Finally, we reject defendant's contention that the court should have denied plaintiff's motion for a permanent stay of arbitration as untimely because it was not made within the 20-day period set forth in CPLR 7503 (c). Because plaintiff sought a stay on the ground that there was no arbitration agreement between the parties, the stay "may be entertained notwithstanding the fact that [it] was sought after the 20-day period had elapsed" (*Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 267 [1982]; *see generally Matter of American Centennial Ins. Co. v Williams*, 233 AD2d 320 [1996]; *Matter of Transport Ins. Co. v Tedesco*, 147 AD2d 936, 937 [1989]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Pine, JJ.