# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**400**

**CA 12-01351**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

PALLADIAN HEALTH, LLC AND PRISM HOLDINGS, INC.,
PLAINTIFFS-RESPONDENTS,

V                                                   MEMORANDUM AND ORDER

SUMMER STREET CAPITAL II, L.P., SUMMER
STREET CAPITAL NYS FUND II, L.P., SSC II
PRISM HOLDINGS, INC. AND SSC NYS II PRISM
HOLDINGS, INC., DEFENDANTS-APPELLANTS.

---

HISCOCK & BARCLAY, LLP, BUFFALO (JAMES P. DOMAGALSKI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

DADD, NELSON & WILKINSON, ATTICA (JAMES M. WUJCIK OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered July 2, 2012.  The order granted the motion of
plaintiffs for leave to renew their motion to stay arbitration, and
upon renewal, stayed the subject arbitration.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion upon renewal and
vacating the stay of arbitration, and as modified the order is
affirmed without costs.

Memorandum:  Contrary to defendants' contention, we conclude that
Supreme Court did not abuse its discretion in granting plaintiffs'
motion for leave to renew their motion for a stay of arbitration (*see
generally Smith v Cassidy*, 93 AD3d 1306, 1307).  We agree with
defendants, however, that upon renewal the court erred in granting
plaintiffs' motion for a stay of arbitration, and we therefore modify
the order accordingly.  Plaintiffs sought a stay of arbitration
pursuant to CPLR 2201, 3103 and 6301.  Inasmuch as a "court's
participation in the [arbitration] process is limited to the
provisions contained in CPLR article 75" (*Susquehanna Val. Cent. Sch.
Dist. at Conklin v Susquehanna Val. Teachers' Assn.*, 101 AD2d 933,
933, *appeal dismissed* 63 NY2d 610; *see also Matter of Horowitz v
Pitterman*, 178 AD2d 939, 939), plaintiffs' reliance on CPLR 2201, 3103
and 6301 in support of their motion is misplaced.  Rather, an
application to stay arbitration is governed by CPLR 7503 (b), which
precludes a party that has participated in arbitration from thereafter
applying to stay arbitration.  Here, plaintiffs participated in the
arbitration at issue (*see N.J.R. Assoc. v Tausend*, 19 NY3d 597, 602;

*see generally Greenwald v Greenwald*, 304 AD2d 790, 790-791), and we thus conclude that the court erred in staying that arbitration.  In view of our determination, we do not address defendants' remaining contentions.

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court