Robert D. Bush, Respondent, 
against
Beauty Bay, Inc., Appellant.



Appeal from a final judgment of the Civil Court of the City of New York, Richmond County (Theresa M. Ciccotto, J.), entered July 31, 2014. The final judgment, entered following tenant's default in complying with so much of an order of the same court dated February 18, 2014 as granted the branch of landlord's motion seeking to direct tenant to make a deposit of rent pursuant to RPAPL 745 (2), awarded landlord possession in a nonpayment summary proceeding. The appeal from the final judgment brings up for review the above-stated portion of the order dated February 18, 2014.




ORDERED that the final judgment is reversed, without costs, so much of the order dated February 18, 2014 as granted the branch of landlord's motion seeking to direct tenant to make a deposit of rent pursuant to RPAPL 745 (2) is vacated, and that branch of landlord's motion is denied.
In this commercial nonpayment summary proceeding, landlord moved for, among other things, an order pursuant to RPAPL 745 (2) (a) directing tenant to deposit the sum of $42,000, and $3,500 every month thereafter, with the clerk of the court. In opposition to the motion, tenant's counsel argued that, pursuant to the arbitration clause contained in the lease agreement, as well as an agreement between landlord's prior attorney and tenant's counsel, the Civil Court should compel arbitration. In an order dated February 18, 2014, the Civil Court determined that the matter should be arbitrated, and, among other things, directed tenant to tender to landlord's attorney "the sums of $42,000 and $3,500, to be held in escrow, within twenty (20) days of this decision." Thereafter, upon landlord's attorney's affirmation alleging, among other things, that tenant had failed to make the required tender, the Civil Court awarded landlord a final judgment of possession.
On appeal, tenant contends, among other things, that once the Civil Court determined that the matter should be settled by arbitration, it lacked jurisdiction to direct tenant to tender the funds to landlord's attorney. Landlord argues that the court did not relinquish jurisdiction over the proceeding upon its determination that the matter was to be settled by arbitration, and that the court had the authority to direct tenant to tender the funds to landlord's attorney in order to preserve the status quo pending arbitration.
Since the Civil Court determined that the matter was to be settled by arbitration (see CPLR 7501; 7503; CCA 206 [a]), its power was "limited to staying the action and carrying out the terms of the contract by directing that the parties proceed to arbitration" (Adelphi Enters. v [*2]Mirpa, Inc., 33 AD2d 1019, 1019 [1970] [citations omitted]; see Susquehanna Val. Cent. School Dist. at Conklin v Susquehanna Val. Teachers' Assn., 101 AD2d 933, 933-934 [1984]). As such, it was improper for the court to direct tenant to tender rent arrears and/or use and occupancy to landlord's attorney, and to enter a final judgment based on tenant's failure to tender the arrears. The dispute regarding rent arrears and/or use and occupancy in the nonpayment proceeding is to be submitted to, and resolved by, arbitration. 
We note that, where the Supreme Court enforces an arbitration agreement, its authority "includes the power to see that the arbitration is not rendered a nullity by reason of arbital and judicial impotence" (McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d 165, 172 [1986] [internal quotation marks and citation omitted]), and that it may grant a preliminary injunction (see CPLR 6301) in order to preserve the status quo pending the arbitration (see McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d at 172-174). Even assuming that the Civil Court would have such power (but see CCA 209), landlord did not seek a preliminary injunction pursuant to CPLR 6301, rather it demanded a deposit pursuant to RPAPL 745 (2) (a) and caused a final judgment to be entered upon tenant's failure to make the deposit, in clear violation of the limitations on any court's power where the parties have agreed upon arbitration.
In light of the foregoing, we need not pass upon tenant's remaining contentions raised on appeal.
Accordingly, the final judgment is reversed, so much of the order dated February 18, 2014 as granted the branch of landlord's motion seeking to direct tenant to make a deposit of rent pursuant to RPAPL 745 (2) is vacated, and that branch of landlord's motion is denied.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: May 05, 2016